(26 Misc. Rep. 491.)

### DISTASIO v. DISTASIO.

(Supreme Court, Special Term, New York County. February, 1899.)

**CONTEMPT—ORDER OF COMMITMENT—FAILURE TO PAY ALIMONY.**

    Order of commitment for contempt for not paying alimony and counsel fees will not be set aside because of its failure to state whether plaintiff had any property, or that the payment cannot be enforced by sequestration of such property; Code Civ. Proc. §§ 1772, 1773, not requiring such statement, but providing that where a husband makes default in payment of alimony, and it appears to the satisfaction of the court that payment cannot be enforced by means of sequestration, or by resort to any security given, the court may make an order requiring the husband to show cause why he should not be punished for contempt, "but such order may also be made, without any previous sequestration, or direction to give security, where the court is satisfied that they would be ineffectual."

Action by Michele Distasio against Concetta P. Distasio for divorce. Plaintiff moves to set aside an order for his commitment for contempt and counsel fees. Motion denied.

A. J. Oishei, for the motion.

Weil & Eschwege, opposed.

GILDERSLEEVE, J. The action is for an absolute divorce by the husband against the wife. The facts appear to be substantially as follows, viz.: The husband is a barber, apparently doing a fair business. He contributed nothing to the support of his wife for a long period, leaving her to be supported by her children. Finally she took measures to compel him to contribute to her support, whereupon he commenced an action for divorce. An application was duly made for alimony and counsel fee, and Mr. Justice TRUAX fixed the alimony at $4 a week, and the counsel fee at $25. The husband refused to pay either, and an order to show cause was obtained from Mr. Justice BOOKSTAVER why plaintiff should not be punished for contempt. The motion came on for argument before Mr. Justice BEEKMAN, when plaintiff failed to appear, and an order was entered on default adjudging plaintiff guilty of contempt, fining him $43, and directing his commitment to the county jail until the payment of said sum. *He now makes a motion to set aside said order of commitment for irregularity, "in that it does not state whether the plaintiff has any real or personal property, or that the payment cannot be enforced by sequestration of such property." The plaintiff himself makes no affidavit, but his brother, on his behalf, swears that he knows that plaintiff's barber shop contains from $300 to $350 worth of personal property, and that he (plaintiff) owns $300 worth of real estate. No claim is made that plaintiff is not abundantly able to pay the alimony and counsel fee, nor is any adequate excuse given for the plaintiff's refusal to obey the order of the court. The affidavits handed up by the wife tend to show the uselessness of sequestration proceedings, and she asks to have the order amended nunc pro tunc by inserting a clause that a sequestration would be ineffectual. Section 1773 of the Code provides that where a husband makes default in payment of alimony, and it appears to the satisfaction of the court that payment cannot be enforced by means of sequestration, or by resorting to the security, if any has been given, the court may make an order requiring the husband to show cause why he should not be punished for contempt; and it adds the following: "But such order may also be made, without any previous sequestration, or direction to give security, where the court is satisfied that they would be ineffectual." It will be observed that the only objection made to the order of commitment is the alleged irregularity, that said order "does not state whether the plaintiff has any real or personal property, or that the payment cannot be enforced by sequestration of such property." But neither section 1772 nor section 1773 of the Code requires such an adjudication to be stated or recited in the order. See Ryer v. Ryer, 33 Hun, 117 (Daniels, J.). It therefore follows that the alleged irregularity which is the sole ground urged

for setting aside the order is not well founded. The conduct of the plaintiff does not appear to have been of a character to recommend him to the sympathy of the court, and I see no reason that would justify me in granting this motion to set aside the order of commitment. Motion denied, with $10 costs to abide the event.

Motion denied, with $10 costs.