Findings may be prepared accordingly.

---

· KAMMAN v. KAMMAN. (No. 169/139.)

(Supreme Court, Appellate Division, Fourth Department. March 26, 1915.)

1. APPEAL AND ERROR ⬅907—REVIEW—FINDINGS.

Where the evidence was not returned with the appeal, it must be assumed that findings of fact by the trial court were correct.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911, 2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. ⬅907.]

2. DIVORCE ⬅231—ALLOWANCE—REFUSAL OF SEPARATE MAINTENANCE—ORDERS.

Under Code Civ. Proc. § 1766, providing that the court may, in an action ·for separation, render judgment compelling the defendant to make provision for his wife, it is improper, where the evidence does not warrant separation, for the judgment to make provision for the wife.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 658–661, 664; Dec. Dig. ⬅231.]

3. DIVORCE ⬅223—ACTIONS—ATTORNEY'S FEES.

The award of fees to counsel representing the wife in a divorce suit is peculiarly a question for the trial judge.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 645; Dec. Dig. ⬅223.]

4. DIVORCE ⬅228—ACTIONS—ATTORNEY'S FEES.

In a suit by a wife for divorce, an order for additional attorney's fees should provide for payment to the wife, instead of her designated attorney.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 655; Dec. Dig. ⬅228.]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, Erie County.

Action by Cora A. Kamman against John A. Kamman. From a judgment (151 N. Y. Supp. 226) providing for separate maintenance and attorney's fees, defendant appeals. Modified and affirmed.

See, also, 151 N. Y. Supp. 1123.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

August Becker and J. Ralph Ulsh, both of Buffalo, for appellant. Bartlett & Chamberlain, of Buffalo, for respondent.

PER CURIAM. Each party charges the other with misconduct. The trial court finds that both parties are at fault and dismisses the complaint. The plaintiff contends that defendant's conduct has been such as to make it unsafe and improper for her to cohabit with her husband, while the defendant denies these charges and alleges by way of counterclaim that his wife committed adultery and asks that the marriage relation be dissolved.

[1] The evidence has not been returned. We must therefore assume that the findings of fact are correct, and, if so, the complaint was properly dismissed. Neither party by appeal challenges the correctness of this disposition, except that the defendant contends that the provision in the judgment, that the dismissal of the complaint "shall not in any manner relieve the defendant from his obligations to support and maintain the plaintiff in a manner corresponding to his means and station in life," should not have been incorporated in the judgment, and he appeals from that provision.

[2] While section 1766 of the Code of Civil Procedure provides that the court may, in an action for separation, render a judgment compelling the defendant to make provision for the support of his wife, where, under the circumstances of the case, such a judgment is proper without rendering a judgment of separation, the Court of Appeals seems to have held (Davis v. Davis, 75 N. Y. 221; Ramsden v. Ramsden, 91 N. Y. 281), as is pointed out in the opinion of the learned trial justice, that this provision applies only where a separation can be decreed upon the evidence; and it has been held in this case that the evidence was insufficient to make such a decree. If that is so, it would seem that this provision should not have been incorporated in the judgment.

Another action has been brought by the plaintiff for separation since the dismissal of the complaint in this action, in which she complains of misconduct on the part of her husband occurring since the dismissal of this suit. What effect the findings and judgment of dismissal in this action may have upon the second suit can better be determined on the trial of the second action, when all the facts and circumstances are before the court. We are of the opinion that this provision should be stricken from the judgment.

[3, 4] As to the order directing additional counsel fee of $750, we think that order, as well as the order correcting the clerical mistake of the clerk, was authorized and proper, except that the order for additional counsel fee should not have directed the payment thereof to a

specified attorney for the plaintiff, but to the plaintiff herself. The amount of the allowance was a question which was peculiarly for the judge before whom the action was being tried and who was familiar with all the circumstances. We cannot say that the allowance was excessive.

The judgment should be modified, by striking out that part thereof from which the appeal is taken; the order granting additional counsel fee should be modified, so as to require the payment to be made to the plaintiff, instead of to her designated attorney; and the order correcting date of the order should be affirmed—all without costs.