KAMMAN v. KAMMAN. (No. 170/140.)

(Supreme Court, Appellate Division, Fourth Department. March 26, 1915.)

1. DIVORCE ☞212, 224—TEMPORARY ALLOWANCES.

Where the facts as claimed by plaintiff wife would warrant separate maintenance, it is proper, where she is destitute, for the court to order the payment of alimony pendente lite and attorney's fees.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 614–618, 646; Dec. Dig. ☞212, 224.]

2. DIVORCE ☞228—ACTIONS—ATTORNEY'S FEES.

An order awarding fees to counsel representing the wife in a suit for separate maintenance should provide for payment to the wife.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 655; Dec. Dig. ☞228.]

Appeal from Special Term, Erie County.

Action by Cora A. Kamman against John H. Kamman. From an order providing for payment of attorney's fees and alimony pendente lite, plaintiff appeals. Modified and affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

August Becker and J. Ralph Ulsh, both of Buffalo, for appellant. James O. Moore, of Buffalo, for respondent.

PER CURIAM. The plaintiff in this action alleges that since about the 2d of January, 1915, the defendant without any just cause or reason therefor has abandoned and refused to live and cohabit with the plaintiff as his wife and refuses to make any provision for her support and maintenance; that he has left her entirely destitute and refuses to resume and continue his marital obligations with her. The affidavits seem to support this allegation of the complaint, but the defendant contends that because the plaintiff left her home and brought a suit for support and maintenance, which was dismissed because both parties were at fault, she is not entitled to return to her husband and resume the marital relation, or maintain this action.

[1] We are not prepared to assent to that view. That contention is based largely upon the decision in Silberstein v. Silberstein, 156 App. Div. 689, 141 N. Y. Supp. 376. We need not now discuss the scope of

that decision. If the facts are as plaintiff here contends, they are sufficient to require a trial and the question to be passed upon as to whether she is entitled to any relief; and, if so, the order requiring the husband to provide for her support in the meantime and to furnish her with funds to carry on her suit is proper, she being without means of her own and entirely destitute.

[2] The point is made that the order, if otherwise correct, is erroneous in requiring the defendant to pay the counsel fee to plaintiff's attorney, mentioning him by name. We think that point is well taken, and the order should be modified by requiring the payment to her, and not to a designated attorney, and, as so modified, the order should be affirmed, without costs.