## COHN v. HOWE.

(Supreme Court, Appellate Term, First Department.   December 30, 1915.)

1. DIVORCE ⬅271—SEPARATION SUIT—ORDERS FOR ATTORNEY'S FEES—ENFORCEMENT.

An order in a separation suit for payment by the husband of money for fees of the wife's attorney cannot be enforced by action thereon in another court.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 744;  Dec. Dig. ⬅271.]

2. DIVORCE ⬅228—SEPARATION SUIT—ORDER FOR ATTORNEY'S FEES.

An order in a separation suit for payment by the husband for fees of the wife's attorney should direct payment to her, instead of to her attorney.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 655;  Dec. Dig. ⬅228.]

3. DIVORCE ⬅198—SEPARATION SUIT—WIFE'S ATTORNEY'S FEES—RECOVERY OF HUSBAND.

Recovery may, in a proper case, be had of a married man for services of an attorney rendered to the wife in a separation suit, as a necessary furnished her;  but it must be shown that the suit was for her protection and support, and that the husband's conduct was such as to render it reasonable and proper—that is, that she had meritorious and substantial grounds for the suit.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 584;  Dec. Dig. ⬅198.]

4. DIVORCE ⬅198—SEPARATION SUIT—WIFE'S ATTORNEY'S FEES—RECOVERY OF HUSBAND—EVIDENCE.

An order of the court in a separation suit, that the husband pay the wife a certain sum for attorney's fee, is not competent evidence of the reasonable value of the attorney's services, which he, suing the husband therefor as a necessary furnished the wife, must show.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 584;  Dec. Dig. ⬅198.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Louis Cohn against Alfred F. Howe.   From a judgment for plaintiff, and from orders denying a motion for new trial and overruling a demurrer, defendant appeals.   Order on demurrer modified, judgment reversed, and new trial ordered.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Edwin P. Kilroe, of New York City, for appellant.
Louis Cohn, of New York City, pro se.

PHILBIN, J.   This action was brought to recover compensation for professional services alleged to have been rendered by the plaintiff to the defendant's wife, Edith M. Howe.   The complaint sets up two causes of action.   In the first is set forth the making of an order in the Supreme Court in an action pending between the defendant and his wife, in which the latter sued for separation.   The order directed the payment by the defendant of the sum of $150 to the plain-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tiff herein as attorney for the wife for counsel fees. The second cause of action proceeds upon the theory that the legal services so rendered were necessaries for the support of the wife, and therefore are properly payable by the defendant as husband. The demurrer to the complaint was overruled by the trial court and after a trial a judgment for the said sum of $150, with interest and costs, amounting in all to $183.50, was rendered in favor of the plaintiff.

[1, 2] The first cause of action cannot be sustained. It is not based upon any contract, express or implied, but rests solely upon the order of this court, and is an attempt to enforce the latter by virtue of a judgment of the Municipal Court, which cannot be done. In any event the order could not be sustained, because it directed payment to the plaintiff instead of to his client, the defendant's wife. Kanman v. Kanman, 167 App. Div. 426, 152 N. Y. Supp. 581.

[3, 4] The theory upon which the second cause of action is based is well sustained, and a recovery may be had in a proper case for professional services on the ground that they come within the category of necessaries furnished the wife. Naumer v. Gray, 28 App. Div. 529, 51 N. Y. Supp. 222. It is essential that, when one seeks to maintain such an action, he must show affirmatively that the suit in relation to which the professional services were rendered was for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper. Naumer v. Gray, supra. It is not sufficient to show the mere bringing of such a suit, but it must be established that the plaintiff therein had meritorious and substantial grounds for the action. The record is barren of any evidence that would tend to show compliance with those requirements. On the trial the plaintiff based his reliance upon the first cause of action only, and omitted to put in the proof required to support the second cause. This is further made apparent by the fact that there was no evidence offered as to the alleged value of the services claimed to have been rendered; the finding of the trial court that the plaintiff was entitled to the said sum of $150 being based solely upon the provision in the said order to that effect, which was not competent as proof of value of the alleged services in support of second cause of action.

The order overruling the demurrer should be modified, so as to sustain the demurrer to the first cause of action, and so as to strike out the imposition of $5 costs, and the order, as so modified, affirmed. Judgment reversed, and new trial ordered, with $30 costs to the appellant to abide the event. All concur.