STELLA HAAS, Respondent, v. BENJAMIN HAAS, Appellant.

First Department, July 1, 1921.

Husband and wife — separation — affidavit on motion to punish defendant for contempt insufficient for failure to show that sequestration proceedings would be ineffectual — judgment compelling defendant to provide for maintenance of children unwarranted where complaint dismissed upon merits.

The moving affidavit on an application to punish the defendant in a separation action for contempt for failure to pay the allowance awarded for the support of his children, which merely states that defendant has no bank account, nor business of his own, and that his salary is a certain sum per week, is insufficient to satisfy the court that sequestration proceedings will be unavailing.

A judgment may not be rendered under section 1766 of the Code of Civil Procedure compelling the defendant in an action for separation to make provision for the maintenance of the children of the marriage, where the complaint is dismissed upon the merits.

APPEAL by the defendant, Benjamin Haas, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of March, 1921, adjudging the defendant guilty of contempt of court.

*Nathaniel Cohen,* for the appellant.

*Joseph Gans* of counsel [*C. Arthur Jensen* with him on the brief], for the respondent.

MERRELL, J.:

This appeal is by the defendant from an order adjudging him in contempt of court for failing to pay an allowance of $4 a week provided by the judgment herein for the support and education of the infant daughter of the parties, and also by reason of the failure of the defendant to bear the expense of medical and surgical treatment of said daughter while ill. The court in the order adjudging the defendant guilty of contempt for a willful and deliberate violation of said decree imposed a fine of $704, that being the amount of defendant's default in said payments for the support, education and medical attendance of said daughter of the parties.

The action was brought by the plaintiff to obtain a decree of separation from the defendant because of the latter's cruel and inhuman treatment of the plaintiff. The defendant answered in the action and set up a counterclaim of abandonment of the defendant by the plaintiff. The issues were tried and at the close of the trial the court at Special Term rendered judgment dismissing the complaint upon the merits and also dismissing upon the merits the counterclaim interposed by the defendant. Assuming to act in pursuance of section 1766 of the Code of Civil Procedure the court in the judgment herein awarded the care, custody and control of Arline Haas, the infant daughter of the parties, to the plaintiff with the privilege to the defendant of seeing and taking out said child between the hours of ten o'clock in the forenoon and six o'clock in the afternoon every Sunday, said decree providing that the child be sent by the plaintiff, accompanied by a proper person. It was further ordered, adjudged and decreed in and by said judgment that the defendant pay to the plaintiff the sum of four dollars per week as and for the maintenance, support and education of said infant daughter of the parties, such payments to commence from the date of the entry of said decree in March, 1918, with the privilege to the plaintiff of applying to the court for an additional allowance for the maintenance, support and education of said infant as the cost of the maintenance, support and education of said infant should increase or in the event of an increase in defendant's income. It was also provided in the said judgment that the defendant pay any and all medical and drug bills that might be incurred in good faith by reason of any illness from which said infant might suffer. Provision was also made for the removal of said infant daughter to the country and the plaintiff was required to bring the child back to the city each Sunday in case she remained in the country for a period of more than four weeks.

The moving affidavits herein established to the satisfaction of the court that following the entry of said decree a certified copy thereof was served upon the defendant, and that he thereupon paid the weekly allowance of $4 up to and including May 23, 1918, and that from said date until the institution of these contempt proceedings the defendant had paid nothing

for the support of said infant daughter of the parties. The affidavits also show that in the spring of 1919 the said daughter became sick with tonsilitis necessitating an operation, and that the bill, amounting to $152, incurred for medical services in connection therewith, was presented to the defendant, but that he refused to pay the same, and that thereupon the plaintiff paid said bill. The moving affidavits also show that said child was taken to the defendant's house and left there every Sunday, pursuant to the requirements of said decree, until about five or six months prior to the institution of these proceedings; that the defendant did not see said child or remain with the child but a few minutes when brought to his home, and that on many Sundays he was not at home at all when the child was taken there, and on some occasions he left a few minutes after the child's arrival, remaining away the balance of the day; that notwithstanding such treatment on the part of the defendant, the child was taken each Sunday to the defendant's home, until five or six months prior to the institution of these proceedings, when the plaintiff stopped sending the child at the child's request and upon the child's representation that she did not want to go because of constant quarrels and fighting at the home of the defendant's sister where the defendant resided; that the plaintiff sent said daughter to the defendant's home regularly every Sunday for two years and a half after the defendant defaulted in his payments for the support of said child.

The defendant in his affidavit opposing the contempt proceedings swears that after the denial of a judgment of separation herein the plaintiff went to Reno, Nev., and obtained a divorce there and subsequently remarried, and that thereupon the defendant brought action against the plaintiff for absolute divorce which was pending and about to be tried at the time of the institution of these contempt proceedings. The defendant avers in his affidavit that since March, 1918, he was denied access to his said child, and that solely upon the ground of such refusal he had refrained from paying the amount directed by the judgment.

The court entertained the application to punish the defendant for contempt, and granted the order appealed from.

The defendant seeks a reversal of the order adjudging him

in contempt and penalizing him therefor, upon two grounds: *First,* that the moving papers upon which said order was granted were insufficient in that they did not show that sequestration proceedings would be ineffectual; and *second,* that the action for separation having been dismissed upon the merits, the court was powerless to make a decree awarding the custody of the infant daughter of the parties to the plaintiff and making said provision for her support by defendant. I think the order appealed from should be reversed upon each of the grounds urged by the appellant.

As to the insufficiency of the papers upon which the order was granted, the Code of Civil Procedure (§ 1772) provides that where a husband defaults in making any payment required by a judgment or order in an action for separation, the court may cause his personal property and the rents and profits of his real property to be sequestered. Section 1773 of the Code provides that the defaulting husband may be punished in contempt for failure to pay any sum required by section 1772 where it appears presumptively to the satisfaction of the court that payment cannot be enforced by means of sequestration proceedings. In short, the Code requires that before the husband can be punished for contempt the court must be satisfied that sequestration proceedings will be unavailing to collect the moneys required to be paid. In an effort to comply with the Code requirement, the plaintiff stated in her moving affidavit: " That the defendant has no bank account, nor has he a business of his own, but is working as a union cutter for a weekly salary and earns about $60.00 per week. That for the reasons stated a sequestration proceeding against the defendant would be of no avail, for the purpose of collecting the aforesaid money." No other averment than the above is offered to satisfy the court that sequestration proceedings would be unavailing, and such averment was clearly insufficient. The affidavit does not state that defendant has no personal property other than a bank account or a business, nor does it state that he has no real estate, the rents and profits from which might be sequestered. The plaintiff merely swears that defendant has no bank account nor business of his own. The moving affidavit is clearly deficient. (*Sandford* v. *Sandford,* 44 Hun, 564;

*Whitney* v. *Whitney*, 19 Civ. Proc. Rep. 265.) There must be a strict compliance with the statutory requirements. (*Matzke* v. *Matzke*, 185 App. Div. 533.) There was no sufficient basis for the order to punish the defendant for contempt.

I am also of the opinion that having dismissed the complaint upon the merits, the court was without power to render judgment compelling the defendant to provide for the maintenance of the infant daughter of the parties. The respondent attempts to justify the judgment rendered under section 1766 of the Code of Civil Procedure. While the general language of that Code section might seem to support such contention, yet the court is only thereby permitted in a proper case to render a judgment compelling the defendant to make provision for the maintenance of the children of the marriage without rendering a judgment of separation. The Code (§ 1766) falls far short of authorizing such a judgment where, as in the case at bar, plaintiff is denied a judgment for separation and her complaint is dismissed *upon the merits.*

The courts have quite uniformly held that while a judgment may be rendered under section 1766 of the Code of Civil Procedure in an action for separation, compelling the defendant to make provision for the maintenance of the children of the marriage where, under the circumstances of the case, such a judgment is proper without rendering a judgment of separation, section 1766 of the Code applies only *where a separation can be decreed upon the evidence.* (*Davis* v. *Davis,* 75 N. Y. 221; *Ramsden* v. *Ramsden,* 91 id. 281; *Kamman* v. *Kamman, No. 1,* 167 App. Div. 423; *Robinson* v. *Robinson,* 146 id. 533; *Chamberlin* v. *Chamberlin,* 193 id. 784.)

In the case at bar the learned justice held that the evidence was insufficient to justify a judgment for separation and dismissed the complaint. The requirement, therefore, that the defendant pay for the maintenance of the infant daughter of the parties was without authority of law.

The order appealed from should be reversed and the motion denied, without costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed and motion denied, without costs.