PEOPLE ex rel. JOHN J. ALLEN, Relator, *v.* JOHN WAGNER, as Sheriff of Queens County, Respondent.

(Supreme Court, Queens Special Term for Motions, December, 1921.)

Contempt — civil — non-payment of alimony — order need not recite that sequestration is unavailing — habeas corpus — affidavit held sufficient — writ dismissed — Civ. Pr. Act, § 1172.

> An order adjudging relator guilty of a civil contempt for non-payment of alimony is valid though it does not contain a finding that sequestration is unavailing.

> Where on the return to a writ of habeas corpus, seeking relator's discharge from imprisonment under an order adjudging him in contempt for non-payment of alimony, no traverse being filed, it appears, from plaintiff's affidavit used on the motion for alimony, that she was informed by her attorney that defendant had a certain interest in some real property which was worth $10,000, and the affidavit further stated that defendant had no other personal property from which sequestration could be made, the requirements of section 1172 of the Civil Practice Act (Code Civ. Pro. § 1773) are met and the writ will be dismissed and the relator remanded.

HABEAS corpus.

Charles Foley, for relator.

Thos. W. Constable, for respondent.

CROPSEY, J. The relator by this writ of habeas corpus seeks his discharge from imprisonment under an order adjudging him guilty of a civil contempt — the non-payment of alimony. The main question involved is whether the order adjudging him in contempt should have contained the finding that sequestration proceedings would have been unavailing. It

does not contain any reference to that matter. I think the order is good without such a provision. Before the court can make such an order it must be satisfied that payment cannot be enforced by means of sequestration. Code Civ. Pro. § 1773; Civil Practice Act, § 1172. But there is no provision in this section or elsewhere, so far as I know, that requires such a finding to be contained in the order adjudging one in contempt. And a committal order is good which recites the facts that constitute the offense. It need contain nothing else unless so required by statute. There is such a requirement concerning the finding that the act in question has defeated or impaired the rights of the other party. Judiciary Law, §§ 770, 772. And because of those provisions the order must contain such a finding. *Schweig* v. *Schweig, No. 2*, 122 App. Div. 787, 789. As there is no statutory requirement that the order shall contain a finding that sequestration is unavailing the order is valid without it. *Davison's Case*, 13 Abb. Pr. 129, 139; *Ryer* v. *Ryer*, 33 Hun, 116; *Distasio* v. *Distasio*, 26 Misc. Rep. 491.

There is no traverse to the return and the only question here is whether the court had jurisdiction to make the committal order and whether the provisions thereof were within its power. *People ex rel. Pellecchio* v. *Sheriff of Kings County*, 158 App. Div. 946. But even if we look behind the order and at the papers upon which it was granted, I think sufficient appears to have satisfied the court that sequestration would have been unavailing. The affidavit of the plaintiff in the matrimonial action stated that she had been informed by her attorney that the defendant had a one forty-eighth interest in some real property which was worth about ten thousand dollars. The same affidavit contained the further allegation " that

Supreme Court, December, 1921.    [Vol. 117.

the defendant has no other personal property from which sequestration could be made.'' While there must be something to satisfy the court that the payment of the money cannot be enforced by sequestration (*Haas* v. *Haas,* 197 App. Div. 619, 622), that fact does not have to appear in any particular form. *Uttal* v. *Uttal,* 140 id. 255. I think the allegations in the papers in question are sufficient to meet the requirements of the statute.

Writ dismissed. Relator remanded.