with Julius D. Smolen and Others, Appellants.— Order denying motion for leave to intervene affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

Sarah Cooperman, Respondent, v. Max Cooperman, Appellant.— Order granting motion to punish defendant for contempt affirmed, with ten dollars costs and disbursements. Kapper and Tompkins, JJ., concur upon the following ground: The parties stipulated the judgment affecting the rights presented by this motion. There is nothing in the record to indicate that the evidence would not have supported a judgment of separation, and in such circumstances provision for support may be made under section 1164 of the Civil Practice Act. (See *Kamman* v. *Kamman, No. 1,* 167 App. Div. 423, 425.) Davis, J., concurs with the following memorandum: On the hearing before the court, prior to the rendition of judgment, the parties stipulated that defendant was to give plaintiff twelve dollars a week (for the support of the two small children) with the privilege to either party to move to modify, and defendant was to have the privilege of visiting the children; and that the decree to be entered embody the stipulation and remain in force until modified. Judgment on this stipulation was entered by defendant. It provided for the payment of twelve dollars a week for the support and maintenance of the children and for defendant's right to visit them. The parties have since acted under the stipulation and judgment, both having rights thereunder. In fact the provisions for support have been modified by order, and by agreement the defendant paid sixteen dollars per week. I think the defendant is bound by the stipulation and the judgment entered thereon, and is estopped from questioning its terms. (*Matter of New York, L. & W. R. R. Co.,* 98 N. Y. 447, 453.) The stipulation permitted modification under the provisions of section 1170 of the Civil Practice Act.■ Lazansky, P. J., and Hagarty, J., dissent upon the ground that the court had no jurisdiction to render the judgment which, with the amended order, is the basis of the order to punish for contempt. (*Davis* v. *Davis,* 75 N. Y. 221; *Robinson* v. *Robinson,* 146 App. Div. 533; *Marangiello* v. *Marangiello,* 231 id. 848.)

Patrick J. Corcoran, Respondent, v. Tompkins Bus Corporation, Appellant. (Appeal No. 1.) — Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

Patrick J. Corcoran, Respondent, v. Tompkins Bus Corporation, Appellant. (Appeal No. 2.) — Order denying motion for a new trial on the ground of newly-discovered evidence affirmed, with costs. No opinion. Young, Hagarty and Tompkins, JJ., concur; Lazansky, P. J., and Kapper, J., dissent with the following memorandum: Defendant did not have an impartial jury. The juror attacked admittedly withheld information that would have justified or permitted a peremptory challenge to his sitting on the jury. His withholding of the information that he had been in the employ of plaintiff's employer was improper, particularly in view of the fact that the accident occurred while plaintiff was in the performance of his employment. The order appealed from involves a matter of absolute right and rests neither upon disputed facts nor the exercise of discretion. The right of peremptory challenge rests wholly with the litigant, and we may not assume, in view of past relations of the juror to the plaintiff's employer, that the