J. ANNA AINSWORTH, Appellant, *v.* WILLIAM A. AINSWORTH, Respondent.

Fourth Department, November 10, 1933.

*Richard R. Martin,* for the appellant.

*William L. Foley,* for the respondent.

SEARS, P. J. The order appealed from reduces from $500 per month to $325 per month the allowance to the plaintiff for maintenance and support provided in a judgment entered on September 1, 1931. Were the question of the amount to be paid henceforth to the plaintiff for her support and maintenance before us upon this appeal, we should affirm the order, but we have reached the conclusion that the judgment itself which the order attempts in this respect to modify is void because the court was without jurisdiction to grant it. The judgment recites an action pending between the parties and a stipulation of the parties to submit " certain matters " to a named justice of the Supreme Court for decision and determination and further recites the rendition of a decision by the justice. It then provides: (1) That the plaintiff and defendant shall forthwith enter into and execute the separation agreement as provided in said decision. It then makes certain financial provisions, including an order that the defendant shall pay to the plaintiff the sum of $500 monthly, and it also provides " that in the event either party shall refuse to sign said separation agreement, or any other document necessary to carry out said decision or this decree, the other shall have a decree of specific performance to compel compliance therewith." There are other clauses about property settlements not material here. This is not a judgment of separation. It is merely an adjustment by a judgment of the financial interests of a husband and a wife. Matrimonial actions are wholly statutory. (*Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456; *Ackerman* v. *Ackerman,* 200 id. 72; *Walter* v. *Walter,* 217 id. 439.) The law makes no provision for an action for alimony or maintenance, except in connection with an action for divorce or separation. (*Johnson* v. *Johnson,* 206 N. Y. 561.) Even in such an action the court cannot, by a judgment, provide for the payment of alimony or maintenance unless a divorce or separation is granted, or a judgment of divorce or separation is found to be proper although for some reason not granted. (Civ. Prac. Act, § 1164; *Ramsden* v. *Ramsden,* 91 N. Y. 281; *Davis* v. *Davis,* 75 id. 221; *Fein* v. *Fein,* 261 id. 441; *Kamman* v. *Kamman,* 167 App. Div. 423; *Johnson* v. *Johnson, supra.*) Here there was no judgment of separation but a judgment that the parties were to enter into a separation agreement. There was no finding that a separation could have been granted. The judgment simply allowed alimony. It was beyond the jurisdiction of the court. (*Stoddard* v. *Stoddard,* 227 N. Y. 13; *Johnson* v. *Johnson, supra.*) As the judgment was not

within the jurisdiction of the court, it is a nullity and the order amending it falls with it for lack of jurisdiction.

For these reasons the order should be reversed on the law and proceeding to modify provisions of judgment relating to payments dismissed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON and CROSBY, JJ.

Order reversed on the law and proceeding dismissed, without costs.