ALLEN SCHWARTZ, Appellant, v. RUTH CUYLER and JOHN CUYLER, Respondents. (Action No. 1.) — Judgments reversed on the facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The findings, that Miss Cuyler was free from negligence in the manner in which she drove the Ford car, and that Schwartz was negligent in the manner in which he drove the truck, are both against the weight of the evidence. All concur. (The judgments are for defendants in an automobile negligence action.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

LEVINE BROTHERS, Appellants, v. RUTH CUYLER and JOHN CUYLER, Respondents. (Action No. 2.) — Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

RUTH CUYLER, Respondent, v. LOUIS LEVINE and HARRY LEVINE, a Copartnership Doing Business under the Firm Name of LEVINE BROTHERS, and ALLEN SCHWARTZ, Appellants. (Action No. 3.) — Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event. (See memorandum filed in companion case of *Schwartz* v. *Cuyler, ante,* p. 934, decided herewith.) All concur. (The judgment is for plaintiff in an automobile negligence action.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

JOHN CUYLER, Respondent, v. LOUIS LEVINE and HARRY LEVINE, a Copartnership Doing Business under the Firm Name of LEVINE BROTHERS, and ALLEN SCHWARTZ, Appellants. (Action No. 4.) — Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

ESTHER M. YOUNG, Appellant, v. HOWARD C. YOUNG, Respondent.— Orders affirmed, without costs of this appeal to either party. Memorandum: The complaint fails to state facts sufficient to constitute a cause of action. (Rules Civ. Prac. rule 106, subd. 5.) The law of this State makes no provision for the enforcement by a wife of a claim against her husband for maintenance, except in connection with a matrimonial action, which is statutory in character. (*Johnson* v. *Johnson,* 206 N. Y. 561, 565, 567; *Ainsworth* v. *Ainsworth,* 239 App. Div. 258, 259.) The allegations of plaintiff's complaint, being inappropriate to a matrimonial action, are insufficient to constitute a cause of action against her husband for maintenance. We do not pass upon the validity of the divorce alleged by the defendant to have been granted in Arkansas in 1937 in his favor against the plaintiff. All concur. (One order dismisses the complaint in an action to compel defendant, who secured a divorce from plaintiff in Arkansas in 1937, to provide for her support. The other order resettles the first order.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.