Katherine Kingston, Appellant, *v.* John J. Kingston, Jr., Respondent.

Third Department, February 26, 1954.

*Michael P. Geraci* and *John J. Carlo* for appellant.

*Henry Moseson* for respondent.

FOSTER, P. J. Plaintiff appeals from an order of the Supreme Court which modified a judgment purportedly granted in a separation action.

Appellant commenced a separation action against respondent, and the latter counterclaimed for a judgment of separation against her. The trial court found that neither party was entitled to succeed on the evidence produced before him. Nevertheless he found, on an oral stipulation between counsel for the parties and pursuant to section 1164 of the Civil Practice Act, that appellant was entitled to judgment directing respondent to pay her $40 a week for support, and also to permit her to occupy a dwelling house owned by him in Elmira, New York.

The order appealed from modified the judgment by raising the support money to $50 a week, and contained directions for the payment of the appellant's medical expenses and the maintenance of the property where she now lives.

Section 1164 of the Civil Practice Act has to do with the maintenance of a wife and children in an action for separation. The language of this section, upon which the Trial Judge relied in directing the original judgment, reads: " the court, in such an action, may render a judgment compelling the defendant to make the provision specified in this section where, under the circumstances of the case, such a judgment is proper, without rendering a judgment of separation."

It must be conceded that this language, contrasted with the cases construing it, is misleading. The provision that the court may render a judgment compelling support for a wife applies only where a separation can be decreed upon the evidence but which, for some reason, is not granted (*Kamman* v. *Kamman*, 167 App. Div. 426; *Renaud* v. *Renaud*, 235 App. Div. 892; *Ainsworth* v. *Ainsworth*, 239 App. Div. 258). It is difficult to conceive of a case where a decree of separation would be denied where the evidence jusified it, but the rule cited is nevertheless firmly established despite the language of the statute.

In 1933 it was held that a trial court could not even direct the support of children in a separation action where a decree was refused (*Fein* v. *Fein*, 261 N. Y. 441). Subsequent to that decision the Legislature added section 1170-a to the Civil Practice Act (L. 1941, ch. 249), which permits a judgment for the support of children without a decree of separation, but this section does not cover support for a wife.

Appellant urges that respondent is estopped from now asserting that the original judgment was void, pointing out that he acquiesced in the direction for and entry of such judgment, and has taken no appeal from the order modifying the same. Estoppel cannot serve to confer jurisdiction where jurisdiction did not exist. If the contrary were true the parties to any separation dispute could confer jurisdiction by the simple device of a stipulation. Matrimonial actions and any relief incident thereto are wholly statutory.

The case of *Ainsworth* v. *Ainsworth* (*supra*) if not precisely similar is strongly analogous to the case at bar. There the order appealed from reduced alimony as provided for by judgment in a separation action where no decree was granted. The defendant did not appeal from the judgment or the order

modifying the same. Nevertheless the court held the judgment to be void for lack of jurisdiction. If the doctrine of estoppel were applicable to such a situation under any circumstances it would have been applied in that case.

For these reasons the order should be reversed on the law and the application to modify the judgment should be dismissed, without costs.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order reversed, on the law, and application to modify the judgment dismissed, without costs.