Henry Epstein, J.
This is an action for separation. It is the third in a series by the wife against her husband. This court has heretofore denied a motion to dismiss the complaint by an order of May 1, 1958. Now the case has been tried, not on the complaint heretofore litigated in Ontario County, but on the present complaint grounded solely on the charge of nonsupport since May 9, 1957. Plaintiff and defendant were married May 4, 1941. There is a daughter, Margaret, born July 10, 1943, who resides with plaintiff, her mother. Neither the custody of nor the allowance heretofore made for the support of the daughter is in issue. The sole issue now before the court is what, if any obligation exists upon defendant husband to support plaintiff, his wife, living separate and apart. Defendant husband has heretofore sought to persuade plaintiff to return to his household. He maintains both a home in Buffalo, New York, and a summer home. These, plus loyalty and support, he offers to plaintiff and their daughter. Before this trial and at this trial defendant repeated his offer of restoring their household. Thus far his efforts, including the intervention at his instance of members of his church, have proved fruitless. A review of the several periods of litigation between the parties may clarify the problem posed now to this court.
In November, 1955 plaintiff sued defendant for separation, charging neglect and nonsupport as well as cruel and inhuman *374 treatment. This action had its venue in Kings County. Defendant had previously brought an action for separation against plaintiff on the ground of abandonment. This suit had its venue in Erie County. These were consolidated and tried in Ontario County, resulting in a judgment dismissing the wife’s action on the merits and granting a separation to the husband, defendant in the instant action. That judgment, June 18, 1956, was appealed. On said appeal, the Appellate Division, Fourth Department (3 A D 2d 888) reversed the judgment insofar as it granted separation to the husband. But at the same time the Appellate Division affirmed the denial of a separation to the wife and increased the allowance for the infant daughter’s support from $200 to $500 per month. The Court of Appeals affirmed unanimously without opinion on February 20, 1958 (4 N Y 2d 743). Repeated applications for alimony in these actions had been denied in both Kings and Ontario Counties and in the Appellate Division, Fourth Department. Before the determination in the Court of Appeals plaintiff wife began an action in Kings County (a second in said county) founded on alleged neglect and nonsupport from May 9, 1957, the date of the judgment in the first action. This complaint was dismissed on the ground that since the appeal was still pending in the Court of Appeals, there was another action pending for the same relief (Sept. 13, 1957). No appeal was taken from that order. After the Court of Appeals had affirmed the determination in the combined actions this third suit was initiated by service of the complaint on March 22, 1958.
Certain findings of fact by the Appellate Division, Fourth Department, in the decision affirmed by the Court of Appeals are significant in the light of the issue here for determination. Finding “ 28 ” evidences excessive drinking by both husband and wife in the Summer of 1945 and in the Summer of 1952 finds that the wife was drinking to excess even ‘ ‘ during the daytime ”. Findings “ 29 ” and “ 30 ” evidence conduct hardly conducive to marital peace; finding “ 36 ” to the effect “ that the course of conduct followed by both parties tended to disrupt and upset the marital relationship; that the causes of disruption were not the sole fault of either party, but were the result of a course of conduct and a way of living common to both ”. Not only did the Appellate Division find that the husband had failed ‘ ‘ to carry the burden of proving that he is entitled to a decree of separation from defendant; ” that court also found that “Defendant has failed to carry the burden of proving that she is entitled to a decree of separation from plaintiff ” (findings by Appellate Division Nos. 39 and 40). Thus, concluded *375 the Appellate Division: “Neither party having established the right to a decree, they must be left as they were ” (3 A D 2d 888, 889). The Court of Appeals has affirmed. The defense of res judicata was not foreclosed by this court’s decision on the motion to dismiss heretofore made. The court did not then have before it the record on appeal to the Court of Appeals; nor the facts revealed in the instant trial which establish that there has been no change since the determination by the Court of Appeals (Statter v. Statter, 2 N Y 2d 668, 673; Gottlieb v. Schenck, 82 N. Y. S. 2d 719, 723).
On this trial plaintiff wife merely presented an estimate of her reasonable cost of living and defendant husband’s income from his successful law practice. She receives and has received reasonably substantial sums by joining in her husband’s tax returns. She has been repeatedly offered and has repeatedly refused to resume life as a member of her husband’s household. She has chosen to live separate and apart. Having thus decided, she cannot be successful in an action for a separation decree. Nor, absent such decree, can alimony be granted. (Ainsworth v. Ainsworth, 239 App. Div. 258; Kingston v. Kingston, 283 App. Div. 355.) A self-imposed domestic exile cannot create a compulsory obligation on the husband for support. (Davidoff v. Davidoff, 284 App. Div. 872.) Thus the wife here ‘1 must assume the responsibility for the continuation of the rupture ”. Complaint dismissed, but without costs. An allowance of $500 is made to counsel for plaintiff wife for his services in this action, payable within 60 days from service of judgment.
The foregoing opinion covers the necessary provisions of section 440 of the Civil Practice Act.
Submit judgment.