■ . ELISA INSETTA, Appellant-Respondent, v. LOUIS INSETTA, Respondent-Appellant.— In an action for a judicial separation, the parties cross-appeal as follows from a judgment of the Supreme Court, Kings County, entered January 9, 1963 upon the court's decision after a nonjury trial: (1) The plaintiff wife appeals from so much of the judgment as: (a) denied her a separation; and (b) as limited to $12 per week the award to her, pursuant to the provisions of section 1164 of the former Civil Practice Act, of permanent support and maintenance. (2) The defendant husband appeals from so much of the judgment as provided for such maintenance and support. Judgment, insofar as appealed from, affirmed, without costs. The proof at the trial failed to establish the wife's cause of action for a separation on the ground of nonsupport; and her cause of action for a separation on the ground of cruelty was abandoned at the trial. It is true that under the law as it existed at the time of the judgment the trial court was not authorized to grant an allowance for a wife's support and maintenance where, as here, she was denied a separation for failure of proof (Civ. Prac. Act, § 1164; *Kamman* v. *Kamman*, 167 App. Div. 423; *Neville* v. *Neville*, 260 App. Div. 902; *Kingston* v. *Kingston*, 283 App. Div.

355). However, section 236 of the Domestic Relations Law, which superseded section 1164 of the former Civil Practice Act, was in effect at the time this appeal was heard (L. 1962, ch. 313, §§ 10, 12, eff. Sept. 1, 1963, as amd. by L. 1963, ch. 685, §§ 6, 15, eff. Sept. 1, 1963). The new statute (Domestic Relations Law, § 236) provides that the court has discretionary power to grant an allowance to a wife for support and maintenance, notwithstanding failure of proof of the wife's cause of action for separation. This statutory change is applicable to pending actions (*Laird* v. *Carton*, 196 N. Y. 169; *Kugel* v. *Telsey*, 250 App. Div. 638) as well as to appeals in pending actions (*Strauss* v. *University of State of N. Y.*, 2 N Y 2d 464; *Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271; *Monti Marine Corp.* v. *Anderson*, 10 A D 2d 645; *Kugel* v. *Telsey*, *supra*). In our opinion, under the circumstances of this case the trial court did not exceed its discretion: (a) in fixing at the amount specified the allowance for the wife's support and maintenance; and (b) in directing the husband to pay the amount so fixed. Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.