HERRMANN, Justice.
This appeal arises in a divorce case in which the plaintiff husband was granted a decree on the ground of incompatibility un *377 der 13 Del.C. § 1522(12).[1] The defendant wife presents three questions for review:
T
First, did the Superior Court err in finding that the evidence established incompatibility under § 1522(12) ? Wé think not.
The parties separated on three occasions (in 1953, 1956, and 1963) prior to the final separation in 1964, the plaintiff husband returning to the home on each of the earlier occasions for the sake of the children. The marriage was marked by constant conflict from its inception and the conflict worsened with the passage of time. The wife embarrassed the husband at social gatherings by her flirtatious conduct with other men. She ridiculed him to his friends continuously and he criticized her publicly. The marriage was described as a “running gunfight”, a “constant clash”, a “pitched battle”. The arguments and conflicts were regular; and one of the defendant wife’s usual weapons was withdrawal from sexual contact for weeks and months at a time. Prior to the final separation, there were episodes of violence and the parties actually withdrew from each other. They slept in separate rooms and there was no communication between them except that which was essential to the conduct of the house. Following the separation, the wife applied to the Family Court for an order to prevent the husband from entering the marital domicile and she had him arrested for assault and battery. The wife also brought an action in Chancery Court for separate maintenance and support. There was a series of long and painful appearances in the Family Court and in Chancery Court.
We hold that, although the defendant wife now says that there is a possibility of reconciliation, the evidence establishes a clear case of incompatibility under § 1522 (12) and D. v. D, 259 A.2d 381 (Del.Supr.) (decided October 8, 1969).
II.
The wife contends that § 1522(12), which became effective June 11, 1968, may not be a ground for divorce in this action which was filed on June 14, 1968, because this gives improper retroactive effect to the two-year feature of the Statute.
We hold that § 1522(12) has retrospective application in the absence of an expression of legislative intent to the contrary. While we recognize some divergence of authority on the question, much of it based upon variations of the statutes involved, the rule better supported by reason, logic, and authority is that where statutory relief is prescribed for a cause continuous in its ■ nature, the period of offense immediately prior to the effective date of the statute may be tacked to the period of offense immediately thereafter in order to constitute the statutory period. 1 Nelson, Divorce and Annulment (2d Ed.), § 3.03; Campbell v. Campbell, 174 Md. 229, 198 A. 414, 116 A.L.R. 939 (1938); Tipping v. Tipping, 65 App.D.C. 222, 82 F.2d 828 (1965).
There is no indication on the face of § 1522(12) that the two-year period of incompatibility must occur subsequent to the effective date of the Statute. By the express terms of the Statute, if the “reciprocal conflict of personalities” can be found to exist for “2 consecutive years prior to the filing of the divorce action”, the Superior Court is authorized to grant the decree. Such was the situation here.
*378 III.
The wife contends that the Trial Court erred in admitting, over her objection, the testimony and report of a registered psychologist who was in private practice and to whom the parties had been referred by the Family Court for consultation and report. The wife contends that there was a violation of the privilege created by 24 Del.C. § 3534.[2]
We hold that, for the purposes of this divorce action, the wife’s communications to the psychologist were privileged under § 3534. The referral and the consultation were accepted by the wife, and participated in by her, for the purpose of the Family Court proceedings only. There was no intention on her part to participate in a consultation and report for use in a subsequent divorce action in another court. The wife’s communications to the psychologist were “confidential”, within the meaning of that word in § 3534, for all purposes except the Family Court proceedings for which the referral was made and the report sought. The wife was free, in our opinion, to claim her statutory privilege in these proceedings. Accordingly, we hold it was error to admit in evidence the testimony and report of the psychologist in the instant case.
We view the error as harmless,[3] however. There was abundant other evidence before the Trial Court to warrant its con-elusion that this marriage had been destroyed beyond possibility of reconciliation under the guidelines set out in Davis v. Davis, supra. The error of admitting in evidence the psychologist’s testimony and report did not rise to reversible error.
Affirmed.

. 13 Del.C. § 1522(12) provides as a ground for divorce:
“ (12) When husband and wife are incompatible in that their marriage is characterized by rift or discord produced by reciprocal conflict of personalities existing for 2 consecutive years prior to the filing of the divorce action, and which has destroyed their relationship as husband and wife and the reasonable possibility of reconciliation.”

. 24 Del.C. § 3534 provides :
“§ 3534. Privileged communications “The confidential relations and communications between a psychologist registered under provisions of this chapter and his client are placed on the same basis as those provided by law between attorney and client, and nothing in this subehapter shall be construed to require any such privileged communications to be disclosed except as provided for by law.”

. Superior Court Civil Rule 61, Del.C.Ann. provides:
“RULE 61. HARMLESS ERROR
“No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.”