**HUSBAND B., Petitioner,**

v.

**WIFE B., Respondent.**

Superior Court of Delaware, New Castle.

Argued Aug. 30, 1978.

Decided Nov. 2, 1978.

Respondent's application for division of property, alimony, and legal expenses.

Joseph P. Hurley, Wilmington, for petitioner.

Roderick R. McKelvie, of Richards, Layton & Finger, Wilmington, for respondent.

BALICK, Judge.

This is the opinion on the respondent's application for division of property, alimony, and legal expenses.

The parties were married in 1951. The husband filed a petition for divorce on July 15, 1975, shortly after the parties separated. The final decree of divorce was entered on April 28, 1978, after the Supreme Court reversed this court's denial of the petition. The husband is 55 years of age and the wife is 48. He is an attorney employed by a local corporation at an annual salary of about $37,000 in 1977. On April 30, 1978 he was eligible to retire with a monthly pension of $804, but he intends to continue working until 1988. She received an Associate of Arts degree in 1949. After the parties' three children were old enough, she re-entered the job market in 1970. The most she has earned in a year is $7,000. Unable to find another job when her employer went out of business, she enrolled in the New York School of Interior Design, and expects to graduate with a Bachelor of Fine Arts degree in 1980 or 1981. With this degree, she expects to be in a better position to find a higher paying job as an interior decorator rather than as a salesman.

Although the parties have lived well, they do not have substantial marital property. They lived in an apartment. The wife now has most of the contents. Although the parties differed widely about the value of the property, they agreed to have it appraised. The appraised value of the property now in the wife's possession, after selling off some articles, is $12,000. The only other significant property is about $10,000 savings and stock. In addition to the husband's pension plan, there is a group life insurance plan which insures the husband's life at three times his annual salary, but this will be reduced in the future. When the divorce litigation began, he changed the beneficiary from the wife to one of the children.

In addition to normal living expenses, the wife has the expenses of school, which she has financed largely by loans from her family since the separation. Although the parties' three children are adults, one of them has a learning disability, and the husband will probably have to support her permanently.

The basic problem presented by this case is that although the parties enjoyed a high standard of living during the marriage, there is insufficient marital property to provide for the present needs of the wife and to enable her to become self-supporting at a standard of living as close as possible to that established during the marriage.

The respondent seeks interim alimony from the date that payments under a Family Court support order ended, March 15, 1978. The petitioner contends that interim alimony may not be ordered after the entry of the decree, but has been paying $150 a

week since July 19, 1978 on the understanding that these payments would be credited to him in the property division hearing if the court agrees with his contention. The wife also contends that she is entitled to post-divorce alimony under a recent statutory amendment and that the husband's pension rights are subject to division as marital property.

■ I conclude that interim alimony may be continued after the entry of the decree where applications for division of marital property and post-divorce alimony are pending. This is consistent with the function of interim alimony and the purposes of the Delaware Divorce and Annulment Act, see § 1502(2) especially, and I find no provision inconsistent with continuing interim alimony after entry of the divorce decree in appropriate situations.

In most cases the main focus under the no-fault divorce law is no longer on whether the marriage should be dissolved but rather on disposition of marital property and other matters following dissolution. The normal practice is for these matters to be resolved as soon as possible after entry of the decree. Terminating interim alimony on the date of the decree thus leaves a dependent party without support until post-divorce alimony is ordered or the marital property divided. This is sometimes handled by voluntary payments on the understanding that they will be credited to the payor in the division of property. But this is unsatisfactory where the marital property is insufficient or the party with the means is unwilling to do so. Another method sometimes used is to delay the entry of the divorce decree until the other matters are resolved. Compare *Husband S v. Wife S,* Del.Supr., 336 A.2d 217 (1975). This method is unsatisfactory because it delays the finality of the dissolution, particularly where there is an appeal.

■ The next issue bears on post-divorce alimony. When the divorce petition was filed, there was a right to alimony only if the marriage was characterized by incompatibility or mental illness. On January 24, 1978, the statute was amended to permit alimony "without regard to the characterization of the marriage." 13 *Del.C.* § 1518(g). The issue presented is whether this amendment applies to pending actions.

■ When the Delaware Divorce and Annulment Act was enacted, there was a provision that it did not govern pending actions. 59 *Del. Laws* Ch. 350 § 2. There is no similar expression of legislative intent in the amendment under consideration. In the absence of an expression of legislative intent, judicial policy disfavors giving statutes retroactive effect when this will impair vested rights. 73 *Am.Jur.*2d, Statutes § 349.

■ I conclude that this judicial policy does not control the present case, because the rights of the parties with regard to post-divorce alimony were not fixed until the entry of the decree. It is true that when he filed the petition, the husband could expect to be free of the obligation of post-divorce alimony if the divorce were granted on the ground alleged, misconduct. It is also true that there was no application for post-divorce alimony before the dissolution hearing, as required by § 1518(b). But it has recently been held that this is not necessarily a bar to a later application. *Wife B v. Husband B,* Del.Supr., 395 A.2d 358 (1978). In the present case, there was of course no statutory basis for such a request before the dissolution hearing, but the request was promptly made by appropriate written motion after enactment of the amendment and before entry of the final decree.

■ I conclude that the legislative policy in dealing with the consequences of divorce should be given effect at the earliest possible date, where vested rights, such as rights arising from contracts between the parties, are not impaired. Other jurisdictions have held that similar amendments apply to pending divorce actions. *Siebert v. Siebert,* Or., 184 Or. 496, 199 P.2d 659 (1948); *Insetta v. Insetta,* N.Y., 20 A.D.2d 544, 245 N.Y. S.2d 133 (1963); *Silvers v. Silvers,* Cal.App., 23 Cal.App.3d 910, 100 Cal.Rptr. 731 (1972); *Fox v. Superior Court in and for County of*

*Maricopa,* Ariz.App., 21 Ariz.App. 284, 518 P.2d 1001 (1974); compare *R.M.H. v. S.M.H.,* Del.Supr., 259 A.2d 376 (1969).

■ The final legal issue presented is whether the petitioner's pension rights are "marital property". § 1513. Although there is a division of authority on this point, I am persuaded by those cases holding that pension rights may be marital property. *In Re Marriage of Brown,* Cal., In Bank, 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976); *McGrew v. McGrew,* N.J.Super., App.Div., 151 N.J.Super. 515, 377 A.2d 697 (1977); contra *Ellis v. Ellis,* Colo., 552 P.2d 506 (1976).

Pension payments may be viewed as deferred compensation, but the right to those payments are earned during the employee's working years. A party's pension rights will sometimes be the most, if not the only, valuable asset acquired during the marriage, and may offer the only possible source of some security for the other party after the normal working years. For example, in the present case the husband began working for his present employer in the same year that the parties married, 1951, and acquired his right to a pension during the twenty-seven years of the marriage. On the other hand, the wife is attempting to re-enter the job market at a point in her life when it is unlikely that she will be able to earn similar security for her future.

Having said this, it nevertheless remains true that pension rights present peculiar difficulties with regard to division. They are often subject to future contingencies and therefore difficult to value in terms of present worth. In the present case, the only practical contingency is the husband's survival, although the employer does reserve the right to modify or terminate the plan. Recognizing the peculiar nature of pension rights, the only way of disposing of this kind of marital property without uncertainty as to whether anything or, if so, how much will actually be received, is to award a share of the payments as they are made.

One difficulty with this approach in a case like the present, where pension payments are not yet being received, is the uncertainty of any attempt to predict the relative situation of the parties at some future date. Another difficulty is that this approach continues the economic relations of the parties, whereas complete severance of these relations is desirable when circumstances permit.

■ Fortunately, Delaware does not require an equal division of marital property, as in California, but rather allows flexibility by providing that the court shall "equitably" divide the property. § 1513(a). Moreover, the statute also permits later modification of the order. § 1519(a). I therefore conclude that even though the pension rights may be divided as marital property, it is best to simply consider that the husband has these rights in dividing the other property and awarding alimony on the basis of the present and foreseeable future, with the knowledge that the statute leaves open the possibility of modifying the property division order, if this becomes necessary in the light of future developments. In other words, if the husband does receive the pension and the wife does not become self-supporting and is in need, distribution to the wife of some share of those pension benefits attributable to the marriage may be considered later.

Considering the factors mentioned in §§ 1512 and 1513, I conclude that the following order will best further the purposes of the Delaware Divorce and Annulment Act:

1. The petitioner shall pay the respondent's legal expenses in the amount of $10,948.46.

2. The petitioner shall pay the respondent the sum of $5,000.

3. The petitioner will reinstate respondent as a one-third beneficiary of the Equitable Life Insurance Society policy.

4. The petitioner shall pay the respondent the sum of $850 a month for three years as post-divorce alimony.

Counsel may present an order.