ELIZABETH DAVIS, Respondent, *v.* GEORGE B. DAVIS, Appellant.

A mere change in the phraseology or in the arrangement or division of the sections of an antecedent law, incorporated in the Revised Statutes, will not be construed as a change in the law, unless the alteration is such as evidently purports a legislative intent to work such a change.

In an action for limited divorce, brought by the wife against the husband, the court, after it has denied the principal relief sought on the ground that the evidence failed to show facts to establish any of the causes for which a separation can be adjudged, has no power to give judgment awarding the custody of the children of the marriage to the plaintiff and making provision for their maintenance out of the property of the husband; upon failure of the plaintiff to·make out a case for a divorce the defendant is entitled to judgment dismissing the complaint.

The provision of the Revised Statutes (2 R. S., 147, § 55) authorizing a decree for the support and maintenance. of the wife, although a decree for separation be not made, only applies where cruel and inhuman treatment or other cause of divorce is made to appear to the court.

The equity powers of the court cannot be invoked to sustain such a judgment; the action being a statutory one the power of the court is to be sought in the statute itself, and only such judgment can be rendered as is authorized thereby.

Nor is such relief justified by the provision of the statute (§ 59) authorizing, in an action by a married woman for divorce or separation, an order for the custody of the children "during the pendency of the cause or at its final hearing or afterwards;" this simply provides for the provisional custody of the children, and for awarding their custody when a decree shall be granted.

*It seems,* that where a husband and wife live separate without being divorced, the remedy of the wife, seeking custody of the minor children, is by *habeas corpus.* (2 R. S., 149, §§ 1, 2.)

(Argued October 4, 1878; decided November 12, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are set forth sufficiently in the opinion.

*James M. Baldwin,* for appellant. Whether defendant misconducted himself to the extent proved or to the extent

charged the judgment appealed from was not warranted. (*People ex rel. Rhodes* v. *Humphery*, 24 Barb., 251; *Cook* v. *Cook*, 1 Barb. Ch., 639; *Burritt* v. *Burritt*, 29 Barb., 129; *Ball* v. *Ball*, 2 Simons, 35; S. C., 4 Dessaures, 5th. Car. R., p. 94; *Commonwealth* v. *Briggs*, 16 Pick., 203.) The law did not warrant such a judgment, and the court below erred in assuming it did. (2 R. S., 147, §§ 51, 55, 59; *Palmer* v. *Palmer*, 29 How. Pr., 390; *Cook* v. *Cook*, 1 Barb. Ch., 644; *People ex rel. Nickerson* v.     , 19 Wend., 16; *Atwater* v. *Atwater*, 53 Barb., 625; *Davis* v. *Davis*, 1 Hun, 447; *Douglas* v. *Douglas*, 5 id., 141.)

*Albert Stickney*, for respondent. The custody of the children was properly awarded to the plaintiff. (2 R. S., 147, §§ 55, 59; id., 148, title 2, §§ 1, 2; *In re Clifton*, 47 How., 172; *In re McDowle*, 8 J. R., 328; *In re McKain*, 17 Abb., 399; *People* v. *Erbert*, id., 395; *In re Murphy*, 12 How., 513; 2 Kent's Com., 194.) The order for the maintenance of the children was a mere incident to the order as to their custody.

ANDREWS, J. The plaintiff commenced her action for a separation, upon the ground of cruel and inhuman treatment by the husband and that his conduct towards her rendered it unsafe and improper for her to cohabit with him. The specifications, upon which she founded her complaint, were that the defendant had, during several years, been guilty of criminal solicitation of the female servants employed in the family, and had, on numerous occasions, attempted to debauch them ; and also that he had indecently exposed the person of his daughter, an infant of about three and a-half years of age. There were two children of the marriage, — a son of about the age of thirteen years and the daughter, before referred to, — and the complaint charged that the defendant was an unfit and improper person to have their custody and education. The relief demanded was a judgment of separation from bed and board, and awarding to the plaintiff the custody of the

children, with a provision for a reasonable support of the plaintiff and her children, out of the property of the defendant. The judge before whom the case was tried found that the charge of criminal solicitation of servants by the defendant was true. He made no finding in respect to the charge of improper treatment of the daughter, and the evidence did not tend to establish this charge. The court denied the relief asked, so far as it related to a separation, on the ground that the facts alleged and proved did not establish either of the causes alleged in the complaint, for which a separation was demanded, and refused to make any provision for the support of the plaintiff. The court did not, however, dismiss the complaint, but directed judgment awarding the custody of the children to the plaintiff and requiring the defendant to pay her annually the sum of $468 for their support and maintenance. The judge, in his findings, states that the plaintiff is a fit and suitable person to have the custody, care, and education of the children, and that their welfare requires that they should remain with the mother.

The question presented for our determination is whether the court, in an action for a limited divorce brought by the wife against the husband, after having denied the principal relief sought, on the ground that the evidence does not establish any of the causes for which a separation can be adjudged, may nevertheless, by its judgment in the action, award to the plaintiff the custody of the children of the marriage, and make provision for their maintenance out of the property of the husband.

This question depends exclusively upon the statutes authorizing and regulating divorces. These statutes point out with much detail the cases in which divorces may be granted, the proceedings to be taken, and the decree which the court is authorized to make. The authority exercised by the court, in this case, is supposed to be conferred by the fifty-fifth section of the article of the Revised Statutes, relating to separations or limited divorces (2 R. S., 147), and it must be admitted that, considered independently and without

reference to the other sections of the same statute, it is in terms broad enough to justify the court in granting the partial relief awarded in this case. That section is as follows : " Although a decree for separation from bed and board be not made, the court may make such order or decree for the support and maintenance of the wife and her children, or any of them, by the husband, or out of his property, as the nature of the case renders suitable and proper." But notwithstanding the comprehensive and general language of this section, a reference to its origin and to the associated sections of the statute, will show that it was not intended, to confer upon the court the power to make a decree for the support and maintenance of the wife or her children by the husband, in a suit brought by the wife for a separation, when the evidence does not establish any of the causes for which, under the statute, a separation may be decreed.

On the 30th of March, 1787, the Legislature passed an act authorizing divorces to be granted, in cases of adultery. This was the first statute, in this State, on the subject of divorces. On the 13th of April, 1813, an act was passed, providing, in greater detail, for divorces for adultery, and for the first time authorizing divorces *a mensa et thoro*, on a bill filed by the wife and specifying the same causes for which limited divorces are now allowed.

The provisions in the act of 1813, on the subject of limited divorces, are mainly contained in sections 10 and 11 of the act. Section 10 authorizes the filing of a bill by the wife, specifying therein particularly the circumstances on which she relies, " and praying such relief as she may think herself entitled to." Section 11 provides that " in case it shall appear" to the court that the defendant is guilty of such cruel and inhuman treatment towards her as renders it unsafe and improper for her to cohabit with him, or that he has abandoned her, and refuses and neglects to provide for her, " it shall and may be lawful for the Court of Chancery to decree a separation from bed and board forever thereafter, or for a limited term, as shall seem just and reasonable, or to make

such other decree, in the premises, as the nature and circumstances of the case require; and (the section proceeds) whether the court shall decree a separation from bed and board or not, to make such order and decree for the suitable support and maintenance of the wife and her children, or and of them, by the husband or out of his property as the nature of the case and the circumstances of the parties render suitable and proper, in the opinion of the chancellor." It will be observed that section 55 of the Revised Statutes is nearly a literal transcript from section 11 of the act of 1813. Indeed the provisions of the act of 1813 are the basis of the article of the Revised Statutes, on the subject of limited divorces. That article is, in the main, a re-enactment of the act of 1813, separated into an additional number of sections. It is clear that the authority, conferred upon the court by the act of 1813, to make a decree for the maintenance of the complainant or her children, in an action for separation, when no decree for separation was made, was confined to cases where cruel and inhuman treatment, or other cause of divorce, should be made to appear to the court. The language of the eleventh section is that " in case it shall appear to the court " that the charges are sustained, then " it shall and may be lawful," etc.

The design of the clause in the act of 1813, now forming the fifty-fifth section of the Revised Statutes, may have been to provide for cases where the wife, although entitled to a decree of separation, should choose to waive her right thereto, insisting only on a provision for the maintenance of herself and her children.

It cannot be presumed that the Legislature, when it incorporated into the Revised Statutes the provision of the act of 1813, now constituting the fifty-fifth section of the act relating to divorces, intended to enlarge the scope or purpose of the original enactment, or to authorize the incidental relief mentioned in that section to be given, except in the cases where it was obtainable under the act of 1813. " Where the law, antecedently to the revision of the statutes, is settled, either by clear expressions in the statutes or by adjudications

on them, the mere change of phraseology shall not be deemed or be construed as a change of the law, unless such phraseology evidently purports an intention in the Legislature to work a change." (Per SPENCER, J., *Taylor* v. *Delancy*, 2 Cai. Cas., 151.) The same rule must apply where there is, in the revision, a mere change in the arrangement or division of the sections.

This conclusion is supported by a consideration of the other sections of the statute. The fifty-fourth section authorizes the court, *upon decreeing a separation*, to make such further decree as the nature and circumstances of the case may require, and for the support and maintenance of the wife and children by the husband. This section is inconsistent with an intention to confer upon the court, in all cases, whether a right to separation is or is not established, or a decree for separation is or is not obtained, the power to award to the complainant support and maintenance and the custody of the children, with provision for their support by the father. The fifty-third section authorizes the defendant, in a suit for separation, to prove, in his justification, the ill-conduct of the complainant, and declares that, on establishing such defense to the satisfaction of the court, the bill shall be dismissed. This section is also inconsistent with the construction claimed for the fifty-fifth section, that although the court may find the recriminatory charges sustained, it may, nevertheless, retain the bill and grant relief to the complainant, by giving her the custody of the children and making provision for her and their support by the husband. The language of the fifty-third section is peremptory that upon the defense of ill-conduct of the complainant being established, the bill shall be dismissed. The fifty-second section requires the complainant to specify particularly the nature and circumstances of the complaint on which she relies. May the court, where a demurrer to the complaint is interposed, on the ground that the facts and circumstances alleged do not bring the case within either of the specifications of the statute, and that it discloses no legal cause for

a separation, and the demurrer is sustained, nevertheless proceed to give affirmative relief to the complainant, by way of a provision for support or maintenance, and for the custody of the children ?

We are of opinion that the construction of the fifty-fifth section of the statute, given by the court below, cannot be sustained. It would be an anomaly in legal proceedings to allow a complainant, who had failed to establish a claim to the principal relief sought, to have a decree against the defendant for the mere incidents to that relief. In this case, the plaintiff, by her suit, invoked the jurisdiction of the court to grant her a separation under the statute. She has failed to make a case for a divorce, and the defendant was, we think, entitled to a judgment of dismissal. The court was not authorized, in this action, after having denied judgment of separation, to award to the plaintiff the custody of the children, or make a decree for their support. The general jurisdiction which appertains to the Supreme Court, as a court of equity to interfere for the protection of infants — and by virtue of which, in a proper case, where the interests of infants require it, they may be taken even from the custody of the father and placed under the care of strangers — cannot be invoked to sustain the judgment in this case. In this statutory action, the power of the court is to be sought in the statute itself, and only such judgment can be rendered as is authorized thereby.

The fifty-ninth section,— which authorizes the court, in a suit brought by a married woman for a divorce or separation, " during the pendency of the cause, or at its final hearing, or afterwards," to make such order between the parties for the custody of the children, as may seem necessary and proper — does not justify the relief granted in this case. This section is intended to provide for the provisional custody of the children, during the pendency of the action, and to impower the court, when a decree shall be granted, to award their custody as their interests may seem to require.

The Revised Statutes provide, that where a husband and

wife live in a state of separation, without being divorced, and there is a minor child of the marriage, the wife, if an inhabitant of this State, may apply to the Supreme Court for a *habeas corpus*, to have such minor child brought before it; and that, on the return of the writ, the court may award the charge and custody of the child to the mother, for such time, and under such regulations and restrictions, and with such provisions and directions, as the case may require. (2 R. S., 149, §§ 1, 2.) The remedy by *habeas corpus* is open to the plaintiff, and she may, by a direct proceeding, have the right to the custody of the children determined, as between herself and her husband, but the existence of this remedy does not tend to show that the custody may be adjudged to her, in the action for separation, after having failed in the very foundation of her action. There are several cases in the Supreme Court tending to support the construction here given to the fifty-fifth section of the statute. (*Atwater* v. *Atwater*, 53 Barb., 625; *Douglas* v. *Douglas*, 5 Hun, 141; *Palmer* v. *Palmer*, 29 How. Pr., 390.)

We think the judgment in this case is erroneous and should be reversed, without costs to either party.

All concur, except MILLER and EARL, JJ., absent at argument.

Judgment reversed.