CHARLOTTE RAMSDEN, Respondent, *v.* EDWARD C. RAMSDEN, Appellant.

*Alimony and counsel fees — in what cases they may be granted — Code of Civil Procedure, sec. 1769 — Action for a separation, where the marriage took place out of the State.*

Except in actions brought to procure a separation or divorce, as prescribed in articles 2 and 3 of title 1 of chapter 15 of the Code of Civil Procedure, the court has no power to make an order requiring a husband to pay any sum of money to his wife to enable her to carry on the suit or to provide for her support during its pendency.

Where the marriage took place without the State, an action for separation cannot be maintained under section 1763 of the Code of Civil Procedure, unless the parties have been residents of the State for at least one year and the plaintiff is such a resident at the time the action is commenced.

Appeal from an order directing the defendant to pay to the plaintiff twenty dollars a week as temporary alimony during the pendency of this action, and the further sum of $250 to her attorney, as counsel fee.

*John V. B. Lewis*, for the appellant.

*J. Tredwell Richards*, for the respondent.

DANIELS, J. :

The action has not in terms been brought either for an absolute divorce or a separation of these parties, but its object, as that has been stated in the complaint, is to obligate the defendant to pay to the plaintiff a certain sum for her maintenance and support, sufficient to enable her to live and maintain her proper condition in life as the lawful wife of the defendant. The parties were married in Germany, and the defendant, about the year 1875, took up his residence in the city of New York, where he has ever since then resided. The plaintiff herself, according to her own statements, followed him here in September, 1881, and from that time she resided in the city until April, 1882, during which month this action was commenced by her. Her residence at that time in this State had extended over a period of only about seven months, and the point is therefore presented whether, under this state of facts, she is capable of maintaining her action. For it is only when an action is brought in a case prescribed and defined by the present Code of Civil Procedure that an order can be made requiring the husband to pay any sum of money to enable her to carry on her suit, or to provide for her support during its pendency. (Code, § 1769.) The actions referred to by this section are twofold in their character. The object of one is to obtain an absolute divorce, because of the conjugal infidelity of the defendant ; and although such misconduct is alleged against the present defendant, this allegation was not made for any ulterior purpose of this description. For neither of the other essential allegations, on which the successful prosecution of such an action has been made to depend, has been set forth in the complaint. And if they had been the plaintiff could not have succeeded, for the reason that her marriage, and also her residence abroad at the time when this act is alleged to have been committed, would. preclude her from maintaining an action to obtain an absolute divorce. (Code Civil Procedure, § 1756.)

The case which she could present depending upon this misconduct would not be within either subdivision of this section, and accordingly that measure of relief could not be awarded to her.

As her foreign marriage and residence prevent her from maintaining an action for an absolute divorce, the success of her suit is necessarily dependent upon the other class of cases provided for, as the facts have been set forth in her complaint. And they do disclose a case which would entitle her to a separation, if her residence in this State has been sufficiently prolonged to authorize her to commence such an action. Without this required residence, no suit, even for a separate maintenance, can be regularly prosecuted by her. And that was the construction which was given to the statute immediately preceding the adoption of the present provisions of the Code. And by that construction it was held that the wife could only secure a separate maintenance when a case was presented by her which would justify a decree of separation. (*Atwater* v. *Atwater*, 36 How., 431; *Douglas* v. *Douglas*, 5 Hun, 140; *Davis* v. *Davis*, 75 N. Y., 221).

And this construction has been expressly sanctioned by the present provisions of the law, for they restrict the powers of the court to "such an action" as has been provided for by the preceding sections of the same article, and that excludes all cases where the facts and circumstances are not such as to justify a decree of separation. (Code of Civil Procedure, § 1766.) To sustain the right of the plaintiff to a decree providing for her maintenance, or to an order requiring the husband, during the pendency of the action, to provide for her support, it must accordingly be made to appear that a case exists in her favor of the nature of one of those defined by these preceding provisions of the statute, and as the plaintiff has shown by her statements that she is not entitled to an absolute divorce, the facts must be such as would authorize a decree of separation to entitle her to succeed upon this appeal. And for that purpose it must appear that she was within one of the requirements prescribed as to residence by section 1763, of the Code. For it is only in the cases so provided for that an action for a separation or separate maintenance, can be maintained in this State. It has been urged that such a right of action has been made to appear, because of the fact that both parties were residents of this State at the time when this action was commenced, and that is the literal effect of the first subdivision of this section. But it is very plain from the language in which the third subdivision of the same section has been

enacted, that the first was not designed to be so broadly understood or construed. For by the latter subdivision the right of a party, situated as the plaintiff was, to maintain such an action when this suit was commenced, has been very clearly defined and declared. Its language is that it may be maintained " where the parties having been married without the State have become residents of the State, and have continued to be residents thereof at least one year, and the plaintiff is such a resident when the action is commenced." The plaintiff's case is very plainly within the language of this subdivision, and as the residence required to enable her to maintain her action has been so explicitly defined by it, the argument of her counsel that it may be included within the general terms of the first subdivision of the section, must be rejected as unsound. These two subdivisions may be somewhat inconsistent, but even if they are the clear and explicit terms of the latter require that to be followed in this case in preference to the former. For by it the legislature has in effect declared that a person who was married out of this State, cannot maintain an action for a separation without a year's preceding residence in this State. This restraint has been clearly created and expressed, and it cannot be disregarded because of the general terms made use of in the enactment of the first subdivision of the section. To maintain any action by her, whether it be for a separation or only for separate maintenance, which must be made dependent upon substantially the same facts, a year's residence in the State was requisite before it could be lawfully instituted. Without that residence the action cannot be brought, as it has been prescribed it may be, by the provisions of the Code. And as it has not been so brought, the order from which the appeal has been taken was unwarranted and unauthorized. The order therefore should be reversed, with the usual costs and disbursements.

Davis, P. J., and Brady, J., concurred.

Order reversed, with ten dollars costs and disbursements.