## In re COLEBROOK.

(Supreme Court, Special Term, Monroe County. January, 1899.)

1. HUSBAND AND WIFE—WIFE'S DOMICILE—PRESUMPTION:

Where a wife left her husband, and went to another state, and there procured a divorce, testifying that she was a resident of that state, and that she intended to remain there permanently, her domicile there will be presumed to continue, in the absence of proof that it has been changed.

2. HABEAS CORPUS—STATUTES—COMPLIANCE.

Laws 1896, c. 272, § 40, authorizing a husband or wife living separately to institute habeas corpus proceedings to obtain the custody of children from the other, is in derogation of the common law, and must be strictly complied with.

3. SAME—JURISDICTION—VOLUNTARY APPEARANCE.

Where jurisdiction of the subject-matter in habeas corpus proceedings depends on the relator's residence within the state, the court cannot acquire jurisdiction of such proceedings by a nonresident, by her voluntary appearance.

4. WIFE'S DOMICILE—SEPARATE FROM HUSBAND.

While the domicile of the husband is prima facie that of the wife, whenever his conduct is such as to entitle her to an absolute or limited divorce she may acquire a separate domicile.

5. HABEAS CORPUS—JURISDICTION—CUSTODY OF CHILDREN.

Laws 1896, c. 272, § 40, provides that a husband or wife, being an inhabitant of New York, living separately, without being divorced, who has minor children, may have the right to the custody of such children determined on habeas corpus. Held, that where an application by a wife failed to show that she was an inhabitant of the state, and the return alleged that she had acquired a residence in another state, the court had no jurisdiction, and the proceedings should be dismissed.

Habeas corpus by Eleanor W. Colebrook, requiring Albert S. Colebrook to produce Maus W. Colebrook and Florence Colebrook, minor children of petitioner. Dismissed.

John C. Toole, for relator.

Porter M. French, for respondent.

DAVY, J.   The relator, Eleanor W. Colebrook, who is the wife of Albert S. Colebrook, the respondent, has instituted habeas corpus proceedings, under the statute, to obtain the custody of her two minor children, who are living with their father, in the city of Rochester. Upon filing the petition, return, and traverse, the learned counsel for the respondent moved to quash the writ, and to dismiss the proceedings herein, on the ground that the court had no jurisdiction of the subject-matter, or authority, under the statute, to issue the writ, because it appears from the petition and traverse that the relator is not an inhabitant of this state, but is a resident of the state of North Dakota.

The authority of the relator to institute these proceedings is derived from section 40, c. 272, Laws 1896, which provides that:

"The husband or wife being an inhabitant of this state, living in a state of separation, without being divorced, who has a minor child, may apply to the supreme court for a writ of habeas corpus to have such minor child brought before such court; and on the return thereof, the court, on due consideration, may award the charge and custody of such child to either parent for such time, under such regulations and restrictions, and with such provisions and directions, as the case may require, and may at any time vacate or modify such order."

For the purpose of this application, I must determine where the relator's domicile is, because the statute requires that she shall be an inhabitant of this state, to entitle her to the writ of habeas corpus to obtain possession of her children when they are in the custody of the father.   The petition sets forth her marriage to the respondent, at Syracuse, on the 11th day of September, 1884, and that they have two minor children of the marriage, who are 13 and 12 years of age respectively; that since the 10th day of December, 1898, she has been living at No. 203 Lake avenue, in the city of Rochester, N. Y., and is now living there.   The petition nowhere states that she is an inhabitant of this state, and it is entirely silent upon the subject of divorce; neither does it state that the relator is living in a state of separation, without being divorced.   The return to the writ contains a denial of all the material allegations of the petition, and sets forth that the relator is an unfit person to have the custody of the children, giving various reasons therefor.   It also alleges that, on or about the 31st day of May last, the relator, without just cause or provocation, and without the consent and against the wish and desire of the respondent, abandoned him and her children, and left the city of Rochester, where she was then residing, and went to the state of North Dakota, where she commenced an action in the district court of that state for an absolute divorce, in which court, on the 26th day of November, 1898, she recovered a judgment against the respondent, dissolving the marriage contract, and releasing them from all obligations thereof.   To the return a traverse was interposed and filed by the relator, denying that she was an unfit person to have the custody of the children, and that the North Dakota divorce proceedings referred to in the return were fully set forth in the exemplified copy of the judgment roll in that action, which is made a part of the traverse in these proceedings.   It appears from the record of the proceedings in that action that she was a witness in her own behalf, and testified

that she was a resident of Fargo, in the state of North Dakota, and that she intended to reside there permanently.

The rule is that a domicile once obtained continues until another is acquired. There is no allegation in the petition or the traverse that she had changed her domicile from North Dakota to the state of New York. The presumption therefore is that she is still a resident of that state. The statute which authorizes the wife to institute proceedings by habeas corpus to take the custody of the children from the father is in derogation of the common law, which gave the mother no right to take them from his control. Therefore every requirement of the statute authorizing her to institute these proceedings must be strictly complied with. There are many cases where the court, having acquired jurisdiction over the subject-matter, may institute proceedings against either party who voluntarily submits to its decision; but, where the statute prescribes conditions under which the court may act, those conditions cannot be dispensed with. Even her voluntary appearance would not give the court jurisdiction if she were not an inhabitant of the state. The objection is not simply that the court has no jurisdiction of the person of the relator, but that it acquired no jurisdiction of the subject of the action. Davidsburgh v. Insurance Co., 90 N. Y. 530. I am inclined to think that an averment in the petition showing that the relator is an inhabitant of this state is absolutely necessary in order to clothe the court with authority to issue the writ. She may be living in the city of Rochester, and yet not be an inhabitant of the state. An inhabitant is understood to be one who has an actual fixed residence in a place. Webster defines it to be "one who dwells or resides permanently in a place, or who has a fixed residence."

In Kennedy v. Ryall, 67 N. Y. 386, Judge Miller, in discussing the question of domicile and residence, said:

"Generally speaking, domicile and residence mean the same thing, and an inhabitant is defined to be one who has his domicile in a place, or a fixed residence there." Crawford v. Wilson, 4 Barb. 520.

It is a well-settled principle that no court can legally make a decree affecting the rights of persons or property unless it has jurisdiction.

It was held in Davis v. Davis, 75 N. Y. 221, that:

"The equity powers of the court cannot be invoked to sustain a judgment, the action being statutory, and one where the power of the court is to be sought in the statute itself; and only such judgment can be rendered as is authorized thereby."

In Risley v. Bank, 83 N. Y. 337, Judge Andrews says:

"A court authorized by statute to entertain jurisdiction in a particular case only, if it undertakes to exercise the power and jurisdiction conferred in a case to which the statute has no application, acquires no jurisdiction, and its judgment is a nullity." Davidsburgh v. Insurance Co., supra.

In Gilbert v. York, 41 Hun, 594, the court held, in an action brought in the county court, where the complaint contained no averment as to the residence of either of the parties, that it failed to show that the court had jurisdiction of the subject of the action, and a demurrer to the complaint was sustained. The learned judge who wrote the

opinion of the court says: "The lack of an allegation of residence in the complaint is a jurisdictional defect."

The learned counsel for the relator contends that the wife did not lose her residence here, for the reason that the North Dakota judgment is absolutely-void; that she could not by any act of hers acquire a domicile separate from her husband. The question whether she is an inhabitant of this state or a resident of North Dakota does not depend upon the validity of the North Dakota decree. The rule is that the domicile of the husband is prima facie that of the wife, because the home of the husband is the home of the wife, and it is her duty to go with him where he goes, and dwell with him where he dwells. There are exceptions to this rule, however, one of which is that, whenever the conduct of the husband is such as to entitle the wife to an absolute or limited divorce, she may, if necessary, acquire a separate domicile. Hunt v. Hunt, 72 N. Y. 218; O'Dea v. O'Dea, 101 N. Y. 37, 4 N. E. 110. If her statements made under oath in the North Dakota divorce suit are true, she was justified in leaving the home of her husband, and acquiring a domicile somewhere else. It seems to me that there is no escape from the conclusion that the writ of habeas corpus issued herein is void for want of jurisdiction. The motion, therefore, to quash the writ, and dismiss the proceedings, must be granted, but without costs, and without prejudice to the relator to renew the application for another writ.