MARIE McCRACKEN, Appellant, *v.* ROBERT A. McCRACKEN, Respondent.

First Department, July 6, 1926.

**Husband and wife — separation — judgment denying separation cannot fix custody of children.**

In an action for separation, brought by a wife, which results in a judgment in favor of the defendant, it is improper for the court to award the custody of a child to the defendant, for that relief can be granted only where a judgment of separation is granted.

APPEAL by the plaintiff, Marie McCracken, from a judgment of the Supreme Court in favor of the defendant, entered in the

43

office of the clerk of the county of New York on the 17th day of March, 1925, upon the decision of the court rendered after a trial at the New York Special Term.

The judgment awards to the defendant the care and custody of the person of Robert A. McCracken, Jr., the only issue of the marriage between the parties.

*Francis C. Lowthorp* of counsel [*William Matthews*, attorney], for the appellant.

*Philip C. Samuels* of counsel [*Max Lazarus* with him on the brief], for the respondent.

MARTIN, J. The alleged abandonment of plaintiff by the defendant in the month of May, 1922, and alleged neglect to properly provide for her support, were urged as grounds for a separation.

A conflict in the testimony given on the trial was resolved in favor of the defendant.

The appellant points out that the trial court, though the complaint was dismissed, awarded the custody of the child, the only issue of the marriage, to the defendant, signing findings to sustain such disposition, although defendant sought no affirmative relief and presented no evidence to warrant such a result.

In *Finlay* v. *Finlay* (240 N. Y. 429, 431) the court said: " The statute permits a judgment fixing the custody of children as an incident to a judgment for divorce or separation. If divorce or separation is refused, jurisdiction is not retained to adjudicate the incident upon the failure of the principal (*Davis* v. *Davis*, 75 N. Y. 221). Relief must then be sought, not in the statutory action for divorce or separation, but by recourse to other remedies."

It will be necessary, therefore, to modify the decision and judgment by striking out the provisions relating to the award of custody of the child to the father.

The judgment should be modified by striking out the provision relating to the custody of the child, and as so modified affirmed, without costs.

CLARKE, P. J., MERRELL, FINCH and WAGNER, JJ., concur.

Judgment modified by striking out provision relating to the custody of the child, and as so modified affirmed, without costs.