In the Matter of the Appointment of a Member of the Committee on Character and Fitness of Applicants for Admission to the Bar in the Fifth Judicial District. — Harry C. Mizen, Esq., of Oswego, is appointed to fill the vacancy caused by the death of Hon. George W. Reeves.

THE CITY OF BUFFALO, Respondent, v. COUNTY OF ERIE and Another, Appellants, Impleaded with TOWN OF AMHERST and Others, Defendants.— Order affirmed, with ten dollars costs and disbursements. All concur.

HERKIMER COUNTY TRUST COMPANY, Respondent, v. THOMAS WELSBY and Others, Defendants, and AGNES BOWERS, Appellant.— Order affirmed, with ten dollars costs and disbursements, on the ground that inasmuch as the moving party does not ask for a resale or ask for an order invalidating the sale, she cannot have the relief sought, viz., a cancellation of the deficiency judgment which follows as a necessary pendant to the sale. All concur.

ADAM BARTOLF, an Infant, etc., Respondent, v. PHILIP F. WEIDER and Another, Appellants.— Judgment and order affirmed, with costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY and Another, Respondents, v. FRANK WILDY and Others, Constituting the Town Board and Board of Highway Superintendents of the Town of Cheektowaga, County of Erie, State of New York, Appellants.— Judgment affirmed, with costs. All concur; Sears, P. J., not sitting.

LULU RENAUD, Respondent, v. FRANK RENAUD, Appellant.— Judgment and two orders affirmed, with ten dollars costs and disbursements. The learned trial court did not dismiss the complaint. It found, although rather informally, that plaintiff had established a cause of action but in its discretion and pursuant to statute (Civ. Prac. Act, § 1164) it declined to grant a judgment of separation but did grant alimony at sixteen dollars per month. The granting of a judgment for accrued alimony was authorized. (*Thayer* v. *Thayer*, 145 App. Div. 268.) All concur.

In the Matter of the Claim of HAROLD L. BISNETT, Respondent, against THE ESTATE OF OSBERT S. PRINDLE, Deceased. SILAS D. BALL, as Executor, etc., Appellant.— Decree affirmed, with costs. All concur.

DREXLER-ROCHESTER PROPERTIES, INC., Respondent, v. NICHOLAS PARIS and Others, Appellants.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, on the ground that none of the information sought to be obtained by the notice appears to be material to the proof of the cause of action against Paris, and that as to Katsampes it would be immaterial because they did not sign the contract under seal upon which the complaint rests. (*Crowley* v. *Lewis*, 239 N. Y. 264.) All concur.

LILLIAN M. PARSONS, Respondent, v. GREAT ATLANTIC AND PACIFIC TEA COMPANY. Appellant, and GEORGE M. KNOBLES, Defendant.— Order modified so as to provide that the motion is granted upon condition that within ten days after service of the order of this court, plaintiff serve the proposed amended complaint and pay to defendant the taxable costs of the action up to the time of making this motion, plus ten dollars motion costs, and as so modified the order is affirmed, with ten dollars costs and disbursements to the appellant. All concur.