SARI E. FEIN, Respondent, *v.* PAUL FEIN, Appellant.

(Submitted March 3, 1933; decided April 11, 1933.)

*Karl Propper* for appellant. Both complaint and counterclaims for separation having been dismissed upon the merits, the court had no power to provide in the judgment for custody and maintenance of an infant child. (*Davis* v. *Davis,* 75 N. Y. 221; *Ramsden* v. *Ramsden,* 91 N. Y. 281; *Kamman* v. *Kamman,* 167 App. Div. 423; *Robinson* v. *Robinson,* 146 App. Div. 533; *Haas* v. *Haas,* 197 App. Div. 619.)

*Cecile Scheuer* for respondent. The court retained jurisdiction for the purpose of awarding custody of the child and it had the power to do so, especially by the consent of the defendant in open court, even though it dismissed both complaint and counterclaim. (Civ. Prac. Act, §§ 1164, 1170; *Light* v. *Light,* 108 N. Y. Supp. 931; *Waring* v. *Waring,* 100 N. Y. 570; *Seibert* v. *Dunn,* 216 N. Y. 237.)

KELLOGG, J. This action was brought by a wife against her husband to procure a separation, on the ground that the husband had treated the wife in a cruel and inhuman manner. The husband denied that he had so treated his wife, alleged that she had treated him with cruelty, and demanded a judgment of separation from her. The trial court, holding that neither side had shown cause for a separation, dismissed the complaint and the answer. However, in its judgment, the court made provision that the wife should have custody and control of the child of the marriage, and that the husband should make weekly payments to the wife for the support, maintenance and education of the child. The contention, made upon this appeal, is that these provisions were improperly inserted in a judgment denying to either party the principal relief of a legal separation.

It is provided in section 1164 of the Civil Practice Act that in an action for separation brought by the wife, the court, " in the final judgment of separation " may give

such directions as may be proper. In particular it may compel the defendant to provide suitably for the education and maintenance of the children of the marriage. " And the court, in such an action, may render a judgment compelling the defendant to make the provisions specified in this section where, under the circumstances of the case, such a judgment is proper, without rendering a judgment of separation."

The case of *Davis* v. *Davis* (75 N. Y. 221, 227) was one where a wife sued her husband for a separation. The trial court denied the separation but directed judgment, awarding the custody of the children to the wife, and requiring the husband to make provision for their maintenance and education. This court held that when the wife failed in her case for the principal relief demanded, viz., that of separation, she likewise failed in respect to all relief incidental thereto, such as provisions for the custody and maintenance of the children. The holding was made in spite of the fact that the Revised Statutes then provided: " Although a decree for separation from bed and board be not made, the court may make such order or decree for the support and maintenance of the wife and her children, or any of them, by the husband, or out of his property, as the nature of the case renders suitable and proper." (2 R. S. 147.) The court stated that this provision was applicable only where the wife had established a case for separation, but had waived the right to a judgment. The court, through ANDREWS, J., made this statement: " It would be an anomaly in legal proceedings to allow a complainant, who had failed to establish a claim to the principal relief sought, to have a decree against the defendant for the mere incidents to that relief." It likewise stated: " The court was not authorized, in this action, after having denied judgment of separation, to award to the plaintiff the custody of the children, or make a decree for their support." This being

true for the purposes of the *Davis* case, in spite of the definite provisions of the Revised Statutes, which then controlled, all the more evidently must be true for the purposes of this case which is controlled by the less definite provisions of sections 1164, 1170 of the Civil Practice Act.

The holding in the case of *Davis* v. *Davis* (*supra*) has never been reversed or questioned. On the contrary, the case has but recently been cited with approval in *Finlay* v. *Finlay* (240 N. Y. 429). There this court, writing through CARDOZO, J. (at p. 431), made this statement: " The statute permits a judgment fixing the custody of children as an incident to a judgment for divorce or separation. If divorce or separation is refused, jurisdiction is not retained to adjudicate the incident upon the failure of the principal (*Davis* v. *Davis*, 75 N. Y. 221). Relief must then be sought, not in the statutory action for divorce or separation, but by recourse to other remedies."

The judgment of the Appellate Division and that of the Special Term should be modified by striking therefrom the provisions for the support of the child, and as so modified the judgment of the Appellate Division should be affirmed.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not voting.

Judgment accordingly.