HELEN NEVILLE, Plaintiff, *v.* FRANK NEVILLE, Defendant.

Supreme Court, Oneida County, April 12, 1940.

*Leo & Henry F. Coupe*, for the plaintiff.

*Ferris, Burgess, Hughes & Dorrance*, for the defendant.

SMITH (EDWARD N.), Off. Ref. On the 10th of February, 1940, I handed down a memorandum in which I decided that the plaintiff had failed to make out a cause of action. No findings of fact or conclusions of law have been signed, and no judgment has been entered.

The plaintiff asks for support and maintenance; in the memorandum I failed to consider this question. It occurred to me that

I should have passed upon the question as to what allowance, if any, should be made to the plaintiff for her maintenance and support, to be paid by her husband. The attention of counsel on both sides was called to this omission, and it is the contention of the defendant that, separate and apart from a judgment of separation, the court is without power to make an allowance for support and maintenance for the wife living in separation.

The power of the court is purely statutory. Section 1170 of the Civil Practice Act provides in reference to the custody and maintenance of children and support of the plaintiff in an action for divorce or separation, and, so far as it has any application here, reads as follows: " Where an action for divorce or separation is brought by either husband or wife, the court * * * must give, * * * in the final judgment * * * such directions as justice requires, between the parties, for the custody, care, education and maintenance of any of the children of the marriage, and where the action is brought by the wife, for the support of the plaintiff." So far as this section refers to the custody and maintenance of children, it has no application here, because there is no child of this marriage. So far as it provides in reference to the support of a wife, it has no application here because it is predicated upon the plaintiff wife procuring a judgment of separation.

Section 1164 of the Civil Practice Act *is limited to the maintenance of wife and children in actions for separation alone;* it differs from section 1170 of the Civil Practice Act in that its provisions are discretionary and not mandatory. So far as applicable here, it reads:

" § 1164. Where an action for separation from bed and board is brought by the wife, the court, in the final judgment of separation, *may* give such directions as the nature and circumstances of the case require. In particular, it *may* compel the defendant to provide suitably * * * for the support of the plaintiff, as justice requires, having regard to the circumstances of the respective parties. And the court, *in such an action, may* render a judgment compelling the defendant to make the provision specified in this section, where, under the circumstances of the case, such a judgment is proper, without rendering a judgment of separation."

We are here concerned with only the last sentence of this section. There is no ambiguity in the language of this sentence, so far as the grant of power is concerned. The power, however, is a discretionary power, and there are certain limitations upon the exercise of the power: (a) The power must be exercised " *in such an action;* " that is, an action brought by a wife for separation from her husband. (b) If provision is made for support of the wife, where there is not

rendered a judgment of separation, the court must have regard to the circumstances of the respective parties. (c) There must be circumstances calling for the exercise of the power which make the judgment proper.

I call attention to a paragraph in the memorandum of February 10, 1940, above referred to: " I have carefully observed this husband and this wife on the witness stand. There is nothing, so far as is revealed in the record and from the study of these parties, which affords any ground for a judgment of separation on the ground of cruel and inhuman treatment on the part of the husband. *There is much more that could be said, but which, in the view I take of this case, is better left unsaid.* There is ample evidence of incompatibility and irritation; that alone is not enough. I do not here assess the responsibility."

Because of the fact that the exercise of the power conferred by said section 1164 of the Civil Practice Act is a matter of discretion, I feel that I should now go more thoroughly into the facts and circumstances of this case than I did in the original memorandum. I avoided this there because of the hope that there might be — and as I think there should be — a reconciliation between these parties. Now I feel, in view of the language of section 1164 of the Civil Practice Act, I should consider the circumstances of the respective parties and the circumstances which lead me to believe that some provision should be made for the wife and that a judgment to that effect is proper.

As to the circumstances of the defendant: He is a railroad employee, employed by the New York Central Railroad Company, and in the year 1939 he received a compensation from the railroad company of $2,515.05; upon his house there is a mortgage of $3,500, with interest at five per cent; he owes a note of $1,000 — so his outstanding fixed indebtedness is about $4,500, upon which he has to pay interest; he has to maintain the house, paying taxes, insurance, repairs and upkeep, heating, lighting, etc.; because his wife left the home he must hire somebody to keep house, who must be a person fit and capable to care for his daughter while he is away in the performance of his duties as a railroad engineer; he has to pay his own living expenses while he is on his runs; he has his brotherhood dues and his health and accident insurance premiums to pay; on account of the nature of his employment he should maintain a telephone; he has to supply food for three people and clothing for two (himself and his daughter). I do not see how he can get along and pay these expenses — not taking into consideration doctors' bills, amusements and incidentals — on less than $2,000 a year. The title to the house is in himself and his

wife by the entirety, he having so arranged it upon his marriage to his second wife; he has no expense of running an automobile; the automobile belonged to his wife, and before she left him he paid the license fee and the maintenance expense. After careful consideration I cannot see how it is possible for him at the present time to pay for the support of his wife more than eight dollars a week. His wife after she left him incurred indebtedness based on his credit at stores, and by reason of renting an apartment. These expenditures, which she made on his credit, were unreasonable in amount and unnecessary, and, while he probably could escape personal liability for a large proportion of these items, it is doubtful whether he would be willing to stand a lawsuit on that question, no matter how unjustified the conduct of his wife in that respect was.

In view of the denial to the plaintiff of a judgment of separation, are there circumstances which render a judgment in favor of his wife for support proper? When Mr. Neville married the plaintiff she was a public school teacher, having a position as such in Schenectady, earning and receiving the compensation for a teacher there prescribed; she was self-sustaining. After her marriage she finished the school year, gave up her position as a teacher and became dependent upon her husband for support. It is doubtful if she could get back her position as a school teacher after the lapse of seven years. The defendant has not asked for a judgment of separation. On the face of the record, accepting as true her testimony and without studying the circumstances and the evidence on the part of the defense, a judgment of separation might have been granted.

The evidence is clear that the plaintiff is not normal in her nervous reactions. I would not say that when she married the defendant she thought she was marrying a large and sure paycheck, but I do say that she has not met the situation of reduced income as a normal person would; she has extravagant notions and apparently sees no reason why she should cut the corners, as is necessary to meet a reduced income; she has had in her hands the full amount of the paychecks of her husband; she knew of the reduced income; she knew the indebtedness unpaid. When she left her husband she engaged an apartment at twenty-five dollars a week and ran up bills at stores; at one store my recollection is that she ran up a bill of seventy-five dollars without the defendant's knowledge or consent as to either of these items. If normal she would have known that, with such expenditures, her husband could not maintain his home. The letter which she wrote to her husband and herself in reference to the defendant's daughter was

not a letter of a person in a normal state of mind. Her jealousy over the obvious love and manifestations of love of her husband for his young daughter was not the reaction of a normal person. Her leaving her husband on two occasions and going to her mother, who, of course, knew her temperament and who told her to go back home, and her failure to go to her mother on the final separation in August, 1939, for the reason that she knew that her mother would not agree with her conduct, were evidences that her mother thought her conduct was not justified. I do not suggest that she is of unsound mind, but I am certain that she has periods of nervous disturbance when she is far from normal; and, while I feel that she has no just grounds for a judgment of separation, nevertheless, I also feel that she is entitled to some consideration and protection. She is attractive; she is intelligent; she has taste; she is fairly well educated. Her husband is intelligent, faithful and honest; as he testifies, he has the temper of his race, but basically he is sound; otherwise he could not have held such a highly responsible position with the New York Central railroad as he has held for so many years.

I feel that the circumstances are such that it is proper to grant a judgment in this action directing her husband to pay her a reasonable amount for her maintenance and support, and this even though I cannot grant a decree of separation.

The question is whether, as a matter of law, under the statute and the decisions, there is power to grant such a judgment. I would have no doubt as to the power of the court under section 1164 of the Civil Practice Act to make provision for the support of the wife in a judgment dismissing her complaint in an action for separation, were it not for the language of the opinion in the case of *Fein* v. *Fein* (261 N. Y. 441), in which, after citing the holding of the Court of Appeals in the case of *Davis* v. *Davis* (75 N. Y. 221), Judge KELLOGG, writing for the court, uses the following language: " The holding in the case of *Davis* v. *Davis* (*supra*) has never been reversed or questioned. On the contrary, the case has but recently been cited with approval in *Finlay* v. *Finlay* (240 N. Y. 429)," and also the following language: " This being true for the purposes of the *Davis* case, in spite of the definite provisions of the Revised Statutes, which then controlled, all the more evidently must be true for the purposes of this case which is controlled by less definite provisions of sections 1164, and 1170 of the Civil Practice Act."

In *Fein* v. *Fein* (*supra*) an action was brought by the plaintiff against her husband for separation. The prayer was denied and the complaint dismissed, but in its judgment the trial court provided that the wife should have custody of the child of the marriage

and that the husband should make weekly payments to the wife for the support, maintenance and education of the child. No provision was made for the support of the wife.

The Code of Civil Procedure was repealed and the Civil Practice Act enacted in 1920 (effective 1921).

I have heretofore pointed out the distinction between the provisions of sections 1170 and 1164 of the Civil Practice Act. Section 1170 is one of the sections of article 70 applicable to matrimonial actions generally; section 1164 is applicable alone to separation actions. The distinction between the two sections is clear and there is no ambiguity, nor is there any indefiniteness in the declaration of the power of the court to grant to a wife maintenance and support in a judgment in a separation action, even though separation itself may be denied; a discretionary power is granted. It seems to me the only question that can arise is as to whether the discretion was properly exercised in a particular case. I have examined pertinent opinions in cases decided since *Davis* v. *Davis* (*supra*) and before *Fein* v. *Fein* (*supra*), and also the opinions in cases decided since *Fein* v. *Fein* (*supra*), as follows: Before: *Davis* v. *Davis* (75 N. Y. 221 [1878]); *Ramsden* v. *Ramsden* (91 id. 281 [1883]); *Johnson* v. *Johnson* (206 id. 561 [1912]); *Finlay* v. *Finlay* (240 id. 429 [1925]); *Renaud* v. *Renaud* (235 App. Div. 892 [1932]). After: *Ainsworth* v. *Ainsworth* (239 App. Div. 258 [1933]); *Altman* v. *Altman* (160 Misc. 600 [1936]).

*Davis* v. *Davis* (*supra*) was an action brought by a plaintiff wife for separation upon the ground of cruel and inhuman treatment by the defendant husband, in which the plaintiff asked for the custody of the children of the marriage, and for a provision for the reasonable support of herself and her children out of the property of the defendant. The action was brought September 24, 1875, and referred to a referee who reported June 27, 1876. The referee recommended the dismissal of the complaint, but made no report upon the subject either *as to the custody of the children or as to the maintenance of the children or the wife;* the justice at Special Term, in confirming the report, wrote as follows: " In my opinion their [the children's] welfare requires that she [the wife] should retain such custody. Although a separation will not be granted, the court has power and it is his duty to make such provision for the care and training of the children, as will be most beneficial to them, and to require the husband, in a case like this, to support them." (Citing the Revised Statutes.) Findings were signed and judgment entered in accordance therewith and in accordance with the opinion January 19, 1877, refusing separation but awarding the plaintiff the custody of the children and an allowance for their

maintenance; this judgment was affirmed by the General Term July 30, 1877, appealed to the Court of Appeals September 30, 1877, and reversed by the Court of Appeals in November, 1878. It will be noted that the Special Term made no provision for the support of the wife. The Court of Appeals traced the history of separation actions from 1813, when for the first time they were authorized, down to and through the Revised Statutes on the subject as they were in 1878, and, by reason of the inconsistencies in sections 52, 53, 54, 55 and 59 (2 R. S. 147, 148) interpreted those sections in the historical light of the statute of 1813, from which they were derived. These inconsistencies were obvious, and the court said: " We are of opinion that the construction of the 55th section of the statute, given by the court below, cannot be sustained. * * * The court was not authorized, *in this action*, after having denied judgment of separation, to award to the plaintiff the custody of the children, or to make a decree for their support. The general jurisdiction which appertains to the Supreme Court, as a court of equity to interfere for the protection of infants — and by virtue of which, in a proper case, where the interests of infants require it, they may be taken from the custody of the father and placed under the care of strangers — cannot be invoked to sustain the judgment in this case. In this statutory action, the power of the court is to be sought in the statute itself and only such judgment can be rendered as is authorized thereby." It also called attention to the remedy by habeas corpus to have the right to the custody of the children determined, and said: " but the existence of this remedy does not tend to show that the custody may be adjudged to her [the plaintiff wife], in the action for separation, after having failed in the very foundation of her action."

Such was the situation when, in 1880, the Code of Civil Procedure was enacted. Section 1766 governs a case where the wife brings the action, and reads as follows:

" § 1766. Where the action is brought by the wife, the court may, in the final judgment of separation, give such directions as the nature and circumstances of the case require. In particular, it may compel the defendant to provide suitably for the education and maintenance of the children of the marriage, and for the support of the plaintiff, as justice requires, having regard to the circumstances of the respective parties."

Section 1766 combined sections 54 and 55 of the Revised Statutes into one section and also authorized the court, " *in such an action* " (action of separation), even where a judgment of separation is denied, to render a judgment compelling a defendant husband to make provision for the maintenance and support of the children

and of the plaintiff, which, in *Davis* v. *Davis (supra)*, the court held could not be done in the action. The words " in such an action " were not in the Revised Statutes, under which *Davis* v. *Davis (supra)* was decided in 1878, but were added in section 1766 of the Code of Civil Procedure, enacted in 1880.

The Code of Civil Procedure was repealed, and the Civil Practice Act went into effect in 1921, and the provisions contained in sections 1766 and 1771 of the Code of Civil Procedure are now, as amended, contained in sections 1170 and 1164 of the Civil Practice Act, as hereinbefore noted.

While it is true that *Davis* v. *Davis (supra)* has never been overruled and still remains as an authority for the proposition that there is no statutory authority for an action for a judgment awarding the custody of children or for maintenance and support of a wife and children apart from an action for separation, it has become obsolete as an authority on the issues involved in this action, by reason of the amendments to the law as to separation actions hereinbefore noted; and particularly has it become obsolete as an authority against the statutory provision that the court may make provision for the maintenance of children and of the wife in a separation action, even where a judgment of separation is denied.

In *Ramsden* v. *Ramsden (supra)* the action was not brought for separation but for maintenance and support, nothing more; and the court said: " The difficulty of the plaintiff's case is that the action brought by her is not such action as the statute authorizes. It is not an action to procure a judgment of separation. No separation is asked for, and it is apparent that the omission in this respect was intentional. * * * the action is a statutory one, and if prosecuted, must conform to the terms upon which it is permitted. The discretion which may withhold one kind of relief and grant the other is confided to the court, and its exercise in judicial proceedings cannot be limited by the plaintiff. The Legislature has prescribed the nature of the relief to be sought, and only when that is apparent from the complaint, can the court having jurisdiction grant less than the plaintiff asks for, but has no power to do that where the object sought is not that named in the statute. The cases referred to by the appellant are not to the contrary. In *Davis* v. *Davis* (75 N. Y. 221) a remark is made which, taken by itself, implies that the plaintiff may waive a decree for separation, although entitled to it, and the appellant supposes she may so elect, at the beginning, as well as at the close of the case. But neither the text, nor the decision rendered, warrants that construction. A decree for maintenance was before the court, and was reversed on the ground that, as a cause for separation was not

established, the court had no power to make provision for the wife's support, and the suggestion now relied upon was made as a possible effect of the statute *then under consideration*. But the question was not before the court, and the possible volition of the wife was mentioned as one of the circumstances upon which the court might, in a different case, exercise its discretion."

In *Johnson* v. *Johnson (supra)* the court stated that the court has no jurisdiction in " an action brought merely to secure maintenance and support or alimony, there being no prayer for a decree of separation, and in such an action has no power to award alimony or counsel fees *pendente lite*. Such an action is not provided for by statute, as the essential feature necessary to give the court jurisdiction in an action for separation is a prayer for that particular relief. (*Ramsden* v. *Ramsden*, 91 N. Y. 281.) "

In *Finlay* v. *Finlay (supra)* the plaintiff husband, a resident of St. Louis, Mo., brought an action against his wife, a resident of New York, for a judgment regulating the custody of their infant children. While the parties were living separate and apart from each other, the husband did not seek a separation. " He could not get one from the courts of New York in view of his residence." After holding that the action was not maintainable, Judge CARDOZO, writing, said: " One situation there is, indeed, in which such an inquiry will be pursued in connection with an action between the spouses, or as a supplement thereto. The statute permits a judgment fixing the custody of children as an incident to a judgment for divorce or separation. If divorce or separation is refused, jurisdiction is not retained to adjudicate the incident upon the failure of the principal. (*Davis* v. *Davis*, 75 N. Y. 221.) Relief must then be sought, not in the statutory action for divorce or separation, but by recourse to other remedies. * * * Nowhere is it held than an action may be maintained for custody *simpliciter*." (Citing *Johnson* v. *Johnson*, 206 N. Y. 561.) The court also called attention to the remedies in reference to custody of children by petition and also by habeas corpus. This opinion is authority only for the proposition, as laid down in *Johnson* v. *Johnson (supra)*, following *Davis* v. *Davis (supra)*, that an action for the custody of children alone cannot under our statutes be maintained.

In *Renaud* v. *Renaud (supra)* the trial court in a separation action did not dismiss the complaint, but found that the plaintiff had established a cause of action, but in its discretion it declined to grant a judgment of separation, but did grant alimony at sixteen dollars per month, and held that the granting of judgment for accrued alimony was authorized under section 116 of the Civil Practice Act. This is a Fourth Department decision.

The foregoing citations are all from cases prior to the decision in *Fein* v. *Fein* (*supra*).

*Fein* v. *Fein* (*supra*) was an action for separation brought by a wife against her husband on the ground of cruel and inhuman treatment; the husband counterclaimed for separation; the trial court held that neither side had shown cause for separation and dismissed the complaint and answer; it made provision that the wife should have the custody and control of the child of the marriage and that the husband should make weekly payments to the wife for the support, maintenance and education of the child. The Appellate Division affirmed the judgment. On appeal to the Court of Appeals the judgment was modified by striking therefrom the provision for the support of the child, and, as modified, the judgment was affirmed. It did not disturb the provision of the judgment awarding *the custody and control of the child to the wife*, but merely struck out the provision for maintenance and support of the child. There was no provision in the judgment for the support of the wife. *There is no provision in section 1164 of the Civil Practice Act giving the court power to award the custody of a child to either party*: that provision is in section 1170 of the Civil Practice Act, and then only in a judgment of divorce or separation. The opinion was based solely upon the opinion in *Davis* v. *Davis* (*supra*), and states that "The holding in the case of *Davis* v. *Davis* (*supra*) has never been reversed or questioned. On the contrary, the case has but recently been cited with approval in *Finlay* v. *Finlay* (240 N. Y. 429)." I have already shown that the language in *Finlay* v. *Finlay* (*supra*) was purely *obiter dicta*.

The following cases have been decided since *Fein* v. *Fein* (*supra*):

*Ainsworth* v. *Ainsworth* (*supra*) was a case where there was a judgment of separation entered in 1931. The judgment was novel in that it provided that the plaintiff and the defendant should forthwith enter into and execute a separation agreement, described in the decision, which made certain financial provisions, one of which was that the defendant should pay the plaintiff the sum of $500 monthly, and another was that, in the event either party should refuse to sign a separation agreement, the other should have a decree of specific performance to compel compliance with the judgment. This judgment came before the Appellate Division, Fourth Department, for consideration upon a motion to reduce the alimony provided for in the judgment from $500 per month to $325 per month. Presiding Justice SEARS wrote the opinion denying the motion, and therein says: "This is not a judgment of separation. It is merely an adjustment by a judgment of the financial interests of a husband and wife. * * * The law makes no provision

for an action for alimony or maintenance, excepting in connection with an action for divorce or separation. (*Johnson* v. *Johnson*, 206 N. Y. 561.) Even in such an action the court cannot, by a judgment, provide for the payment of alimony or maintenance unless a divorce or separation is granted, *or a judgment of divorce or [sic] separation is found to be proper although for some reason not granted.* (Civ. Prac. Act, § 1164; *Ramsden* v. *Ramsden*, 91 N. Y. 281; *Davis* v. *Davis*, 75 id. 221; *Fein* v. *Fein*, 261 id. 441; *Kamman* v. *Kamman*, 167 App. Div. 423; *Johnson* v. *Johnson*, 206 id. 561.) Here there was no judgment of separation but a judgment that the parties were to enter into a separation agreement. There was no finding that a separation could have been granted. The judgment simply allowed alimony. It was beyond the jurisdiction of the court. * * * As the judgment was not within the jurisdiction of the court, it is a nullity and the order amending it falls with it for lack of jurisdiction." This opinion is of importance for the reason that it carries the clear implication that if it had been found that a judgment of separation was proper, although for some reason not granted, or if there had been a finding that a separation could have been granted, then the court would have had jurisdiction under section 1164 of the Civil Practice Act to provide for support even though a judgment of separation was not granted. I can find no such limitations in the language of section 1164 of the Civil Practice Act.

*Altman* v. *Altman* (*supra*) was a separation action in which a motion had been made to examine the defendant before trial as to his earning capacity and assets; the motion was granted. The court used this language: " The practice in separation cases is to try the issues of separation and alimony at one hearing. Payment of money to the wife by the husband is not dependent upon her success on a separation issue. Support may be ordered by the trial judge, although he denies the separation. (Civ. Prac. Act, § 1164.) " I concur in the following language used by Justice CUFF, that it often happens: " In practice we know that obtaining support is the compelling motive for bringing most separation suits. The wife has no trouble in separating herself from her husband. In nearly all of the cases, it seems to me, the husband would not resist were it not for threatened alimony. The wife's quest in the ordinary separation action is for support from the one that the law commands to maintain her. This is not merely a material and necessary part of the wife's case, from every viewpoint. It is the most important part — and incidentally the most difficult part — to be proved at the trial."

I recognize the perils lurking in that part of section 1164 of the Civil Practice Act which authorizes provision for the support of a wife in a judgment in a separation action where no judgment of separation is granted; and yet, as the circumstances in this case clearly show, there is wisdom in the legislative provision. In any event, such is the statute. It is not for the court to question the wisdom but to follow the provisions of an act of the Legislature. The peril which lurks in the act can arise only from an abuse of judicial discretion; it is minimized by the provisions of the section to the effect that the case must be a proper one in view of all the circumstances.

I am satisfied that, although it would be unwise and against my best judgment upon the evidence in this case to grant to the plaintiff a judgment of separation, nevertheless the circumstances are such that the case is a proper one in which an appeal may be had to the discretionary power of the court.

The order of reference in this action was granted December 5, 1939. The case was tried December 19, 1939, and submitted for determination February 7, 1940. I am of the opinion that the plaintiff should be awarded a judgment against the defendant for her support and maintenance in the sum of thirty-four dollars and sixty-six cents per month, as of January 1, 1940, payable on the first day of each month. In view, however, of the fact that after her separation the plaintiff incurred certain obligations for her maintenance and support and bills at the stores, without the knowledge of the defendant, but which may be chargeable to him to the extent that he has any liability, he may retain, out of the payments which have accumulated, the alimony hereby awarded for the discharge of such liabilities until they shall have been fully paid, after such bills shall have been paid by him out of alimony accumulations, and the monthly payments shall be made directly by the defendant to the plaintiff. If the parties fail to agree as to the amount of such indebtedness prior to the signing of the findings of fact and conclusions of law and the judgment in accordance herewith, this amount will be fixed after hearing at a time to be fixed by the referee.

Ordered accordingly.