Callahan, J.
Plaintiff wife sued for a separation upon two grounds: (1) cruel and inhuman treatment, and (2) failure to provide. The complaint was dismissed upon the merits after a trial, the trial court stating in a brief memorandum that the parties should adjust their differences which were not serious. Plaintiff appeals.
It appears from the evidence that the parties are still living in the same apartment, together with two minor children, the issue of the marriage; that their relations are badly strained, but that they have never actually separated. The plaintiff has accumulated a considerable sum of money from defendant’s earnings. From September 20, 1945, to October 30, 1945, the defendant, though employed and receiving a salary, refused to give any of his current earnings to support the household, contending that his wife should contribute the moneys which she had accumulated.
We agree with the finding of the trial court that the charges of cruelty were not sufficiently supported by the evidence. We think that the defendant assumed a mistaken attitude in refusing to contribute to the support of his family because he claimed that his wife had money on hand which the husband considered his. *451 He knew that his wife claimed an interest in the moneys. The more orderly procedure would have been for the husband to support his family and bring appropriate action to have the dispute over title to the savings adjudicated.
We are not inclined, however, to reverse the judgment in the defendant’s favor and grant a judgment of separation for failure to provide, for two reasons: (1) the parties are not actually separated and a judgment of separation would be improvident under the circumstances, and (2) the husband’s refusal to contribute moneys for the support of the family continued only about a month before this action was brought. His action was not willful, but at worst was due to a mistaken notion of the proper way to enforce his claim to the funds held by the wife.
The question is presented as to whether we could award a judgment in favor of the plaintiff directing defendant to pay her a fixed sum for the support of herself and the minor children of the parties, despite the fact that a judgment of separation is unwarranted.
Section 1164 of the Civil Practice Act relates to maintenance of the wife and children in an action for separation. The last sentence thereof provides: “ And the court, in such an action, may render a judgment compelling the defendant to make the provision specified in this section [for maintenance and support] where, under the circumstances of the case, such a judgment is proper, without rendering a judgment of separation.”
"The circumstances of the present case would at first seem to make it a proper one in which to make provision for support without rendering a judgment of separation. We are constrained, however, to hold that under controlling authority we may not make such provision.
In Fein v Fein (261 N. Y. 441), it was held that, where a complaint for separation is dismissed, jurisdiction is not retained to adjudicate the incidents of maintenance or custody of, children, but recourse must be had by the wife to other remedies.
After the decision in the Fein case. the Legislature enacted section 1170a of the Civil Practice Act authorizing provision to be made for the custody and maintenance of children where divorce, separation or annulment is denied. This section does not, however, contain any reference to an award for the maintenance of a wife, which is the main problem presented here. The principle established in the Fein case would seem applicable to that problem.
*452 We do not find anything in the recent decision in Johnson v. Johnson (295 N. Y. 477) lessening the controlling effect of the Fein case (supra). In the Johnson case the wife sued for a separation, and the husband counterclaimed for an annulment because the wife had a husband living at the time of the marriage. The wife’s complaint was dismissed, and the husband was granted judgment annulling the marriage. The court affirmed an award of alimony to the wife and a child of the parties. The statute involved in the Johnson case (supra) (Civ. Prac. Act, § 1140-a) authorized the court in an action for an annulment to make such direction for the support of the wife as justice requires. The Court of Appeals held that this provision was sufficiently broad to authorize a direction for the wife’s support, though her complaint for separation was dismissed and her marriage annulled. We do not construe it as affecting the rule enunciated in the Fein case (supra) relating to actions for separation.
The judgment should be affirmed.
Martin, P. J., Dore, Cohn and Peck, JJ., concur.
Judgment unanimously affirmed. [See post, p. 953.]